Marshall, C. J.
 

 It is not contended that there were any irregularities in the order of probate, but it is contended that the will was not executed in conformity with the statute. The judgment which was entered upon the verdict merely states that the document claimed to be and offered as the last will and testament of the decedent is not her last will and testament. Although the grounds of the judgment do not appear in the entry, it does appear by a statement of counsel that the court found that the will was not signed at the end thereof. The will was written by the testatrix and it must be admitted that it was not a model testamentary document. Both lower courts proceeded upon the theory that the invalidity of the will appeared by an inspection of the will; that it is shown by the will itself that it contains unintelligible matter, and that dispositive clauses appear after the signature of the testatrix. It is claimed, on the other hand, that the will contains one complete sentence, whereby the entire estate was given to her brother Herman Hane, and that all other clauses are unintelligible and should therefore be treated as surplusage; that the matter appearing after the signature of the testatrix is meaningless, and therefore not dispositive, and that it does not.
 
 *300
 
 therefore, violate the statutory injunction that the signature must appear at the end.
 

 The lower courts adopted the view that it was a question of construction of a written instrument and of compliance with statutory formalities, which presented no question of fact for the determination of a jury, and that by reason of its alleged obvious and inherent defects the document defeated itself. It is contended, on the other hand, that the court exceeded its power and invaded the province of the jury.
 

 This controversy turns largely upon the interpretation of the sections of the Code relating to the contest' of wills. The entire subject of the right to make a will, the'manner of making a will, the probate of a will, and the contest of a will, is in all respects the creature of legislation. There was no capacity to make a will at common law. The right having been given by legislation, the same legislative power which conferred the right must be held to have unlimited authority to regulate the exercise of that right. This regulatory power must likewise .be held to include the power to provide the procedure whereby it may be judicially determined whether or not the power has been exercised in accordance with legislative warrant.
 

 Turning therefore to the statutes, which provide the procedure whereby the validity of a will may be determined, Section 12083, General Code, recites:
 

 “On the trial of such issue, the order of probate shall be
 
 prima facie
 
 evidence of the due attestation, execution, and validity of the will or codicil. ’ ’
 

 Section 12085, General Code, provides:
 

 
 *301
 
 “The party sustaining' the will shall be entitled to open and close the evidence and argument. He must offer the will and probate, and rest. The opposite party then shall offer his evidence; the party sustaining the will then must offer his other evidence. Rebutting evidence may be offered as in other cases. ’ ’
 

 It is not necessary to do more than refer to the existence of other statutory provisions which declare that the contest of a will is a civil action, and that it is therefore surrounded by the ■ constitutional guaranties of a jury trial.
 

 The procedure being specially provided, we will first inquire whether that procedure has been followed. It is not controverted that the proponent offered the will and the record of probate and rested. The further provisions of Section Í2085 were not thereafter followed, and the contestant did not then offer any evidence, and the proponent was not thereafter afforded the opportunity to offer “other evidence,” but, on the contrary, the motion for a directed verdict stopped the entire proceeding at that point.
 

 It therefore becomes important to ascertain the true meaning of Section 12083.
 

 The Legislature has declared that the order of probate shall be
 
 prima facie
 
 evidence, not only of the due attestation and execution, but also of the validity, of the will.
 

 In the case of
 
 Sears
 
 v.
 
 Sears,
 
 77 Ohio St., 104, 82 N. E., 1067, 17 L. R. A. (N. S.), 353, 11 Ann. Cas., 1008, it was held that the court presiding over the trial might at that point direct a verdict, if it appeared that the will was not drawn and
 
 *302
 
 executed in conformity with, the statute, and at pages 128 and 129 of the opinion (82 N. E., 1067) it is sought to justify that procedure. If it be conceded that the will in the instant case was patently defective and invalid, then upon the authority of that case the lower courts in the instant case have not erred. It was very clear in that case that the will had not been properly executed. The defective execution and the failure to comply with statutory requirements were so clear and patent that the court in that case held that no question of fact was presented. The instant case presents an issue of fact, which is vigorously asserted and maintained by the respective parties, and is therefore easily distinguished from the
 
 8e,ars case.
 
 We shall dispose of this case upon the question of procedure, and leave the determination of the validity of the will for determination in a future trial of the cause.
 

 The former decisions of this court are not in entire harmony upon the question whether it is necessary in all cases to submit a will contest to a jury, or whether, on the other hand, the court may under any circumstances direct a verdict. In
 
 Walker
 
 v.
 
 Walker,
 
 14 Ohio St., 157, 82 Am. Dec., 474, it was declared in the syllabus that in a will contest case it is error to render final judgment on a demurrer to an answer, and that an issue must be made up and tried by a jury under proper instructions by the court. In
 
 Holt
 
 v.
 
 Lamb,
 
 17 Ohio St., 374, the fifth syllabus declares:
 

 “It is error in the court to proceed by mere decree, and without the intervention of a jury, to -set aside the will in -such case.”
 

 
 *303
 
 Other eases have been decided by this court which are claimed to have some bearing upon this controversy, but the facts of the instant case are so dissimilar from the facts in those cases that it would be unprofitable to discuss them. Having distinguished this case from the
 
 Sears case,
 
 and it appearing that the lower courts decided this controversy upon the authority of the
 
 Sears case,
 
 we will proceed to inquire whether the proponents óf the will should have been afforded the opportunity to introduce other evidence, and thereafter have the cause submitted to the jury for final determination.
 

 It is very clear from the claims of counsel that the only question for determination is whether or not the will was signed at the end thereof. The following is a copy of the will in question, as disclosed by the printed record:
 

 Defiance, O. March 3, 1921.
 

 To all it may concern. It is my desire that all I may possess belongs to my brother Harmon Hane •my all my earthly all my earthly erthy belongly asldngly to pay my belongs and debts givingly my all. And Grace something. Give Clara something.
 

 Yor sister
 

 Give all my brothers and sisters something out of my estate.
 

 Mrs. Emma Goddard,
 

 —$1000.00 apiece including Morgan Lewis
 

 Mrs. Flora Dancer.-
 

 It will be seen that certain words follow the signature, and it must be admitted that if the words
 
 *304
 
 following the signature are dispositive words, and if it should be determined that those words have some application to the language which precedes the signature, thereby affecting in some measure any dispositive provision which appears in the will preceding the signature, and if it further appears that the words following the signature were written at or before the time the testatrix signed her name to the will, then the signature of the testatrix is not at the end of the will, and it fails to conform to the statute.
 

 If this was purely a question of law, then upon the authority of the
 
 Sears ease
 
 the trial court properly directed a verdict. If it was a question of fact, the trial court erred, and the Court of Appeals .erred in affirming the trial court.
 

 Whether the language which followed the signature of the testatrix has any meaning, or whether that language is of a dispositive nature, or whether that language has any application to the language which precedes the signature of the testatrix, are each and all clearly questions of fact, and, under the procedure defined in the above-quoted sections of the Code, were for the determination of the jury. As an aid to that determination, it is proper to receive any competent evidence reflecting on these questions of fact, and then the whole case should be submitted to the jury under the procedure prescribed by the statutes, under proper instructions as to what constitutes dis-positive provisions, and under further instructions that the words appearing after the signature must relate to and affect in some measure the provisions which precede the signature of the testatrix.
 

 
 *305
 
 As against this view of the case, it is urged that construction is the province of the court, and that it is therefore the duty of the court to study the words appearing after the signature, and to determine whether they constitute a disposition of property, and whether, or not they relate to and affect in any measure the provisions which precede the signature. With this view we are not in accord. We are not unmindful that ordinarily interpretation is the function of the court, rather than the jury. This is unqualifiedly true, where interpretation is the basis of the inquiry, and where the purpose of the proceeding is to ascertain the meaning and intent of a written instrument, the genuineness of which is not disputed. In such case interpretation serves the purpose of rendering intelligible that which was ambiguous or not understood. Interpretation ascertains the intention of the author, either from the meaning of the words employed, their combination, their context, or even by conjecture. An action to construe a will is essentially different from an action to contest its validity. Ini the former the court assumes the validity of the will and seeks to ascertain the intention of the testator as to its dispositive provisions. In the latter the validity of the instrument is the issue, and its ^meaning and intent are wholly immaterial. In the former the will is an exhibit, that the court may study its composition. In the latter it is an exhibit, that the jury may study its mechanical construction. In the instant case, if the words which follow the signature are wholly unintelligible, it does not require the legal training of a judge to ascertain or ap
 
 *306
 
 precíate that fact. If those words constituted a complete sentence, clearly disposing of property named in the will, a question of more difficulty would be presented. Inasmuch as they do not constitute a complete sentence, and cannot by the wildest stretch of the imagination, standing separate and apart from any other provisions of the will, be held to make a disposition of property, there is no field for the exercise of the court’s prerogative of interpretation.
 

 If it is claimed that those words fix and determine the amount to be given to persons named in the will in the provisions preceding the signature, that is purely a question of fact for the determination of the jury. If it is claimed that those words make provision for the persons whose names appear as witnesses to the will, that again becomes a question of fact for the determination of the jury. It seems quite clear, however, that by virtue of the provisions of Section 10515, General Code, if those words shall be held to constitute a gift to the witnesses to the will, they cannot affect the result one way or the other. By the provisions of that section such a devise or bequest becomes void as to such witnesses, who are nevertheless competent to testify by the provisions of the statute as if such bequest had not been made.
 

 Interpretation of' this will not being the relief sought, the case becomes like any other jury case where written instruments are offered in evidence as collateral proof of the main inquiry, and where the meaning of such exhibits does not constitute the basis of the inquiry.
 

 There is still another theory upon which this
 
 *307
 
 matter must necessarily be submitted to tbe jury. No language, however olear and dispositive, appearing after the signature to a will, could affect its validity, unless it should be made to appear that the words were written at the time of the execution or prior thereto, unless it should appear that they were so written with the intention of revoking it, as provided by Section 10555, General Code. It is therefore still competent to inquire in this case whether the matter was written after the will was complete, and, if before, or at the time of the signature, whether it has any connection with or relation to the dispositive clauses of the will, and whether it changes or modifies them. These are questions of fact in this case which the trial court had no right to treat as questions of law, and the judgments of the lower courts will therefore be reversed, and the cause remanded to the trial court for further proceedings.
 

 Judgment reversed.
 

 Day, Allen and Conn, JJ., concur.