## MacNEALY, WILL OF, In Re.

Probate Court, Tuscarawas County.

Decided May 29, 1944.

Paul F. Reed, Uhrichsville, for proponents.

No Appeal Taken.

## OPINION

By LAMNECK, J.

Jessie C. MacNealy of the village of Dennison, Ohio, died on the 11th day of May, 1944, and thereafter on the 18th day of May, 1944, a holographic instrument in writing purporting to be her last will and testament was offered in this Court for probate.

The last line before the signature of said Jessie C. Mac-Nealy, with certain words on the instrument appearing before and after the signatures of the attesting witnesses reads as follows:

"I request that **no** bond be required of my executrix.
Jessie C. MacNealy.

I desire Gertrude Moran to have my yellow gold watch & 5.00 in gold.

Jan. 14, 1941.

Witness to Signature

Ludwig Ries, Jr., Jan. 16, 1941, 1013 N. Second St., Dennison, Ohio.

Helen M. Rieser, 111 South 6th St., Dennison, Ohio."

Immediately after the signatures of the witnesses appears the following:

"Gertrude Moran,

Big diamond ring, the William's ring. **Erma McCollam my two smaller diamond rings.**

Aug 18" I desire that Erma McCollam have my largest diamond ring, the William's ring, Gertrude Moran have my two smaller diamond rings, Erma McCollam to have my Hoover sweeper."

Cross marks appear across the words underscored above. The signature of the testatrix does not again appear on the instrument, nor was it rewitnessed.

Cross marks also appear in parts of two sentences in the main body of the instrument as indicated by the parts emphasized below:

"I bequeath to my daughter Gertrude Moran my **two emerald diamond rings,** one diamond ear ring & three shares of stock of the Columbia Gas & Electric Company."

"I bequeath to my daughter Erma McCollam my **largest diamond ring, the William's ring,** one diamond ear ring, my white gold watch, my cameo broach, & my two dollar & half 2.50 gold piece & three shares of stock in the Columbia Gas & Electric Co."

Three questions present themselves in determining whether any part or all of this instrument should be admitted to probate as a last will and testament, viz.:

(1)    What effect do the cross marks have in the main body of the instrument?

(2)    Does that portion of the instrument appearing after the signatures of the witnesses have any bearing on the instrument?

(3)    Is the instrument signed at the end as required by **§10504-3 GC?**

It is plain from an inspection of the instrument that the cross marks appearing in the main body of the will were intended as a partial revocation. The ink used to make the cross marks has a different shade than that used by the decedent when she wrote the original instrument and signed it.

There can be no partial revocation of a will by canceling. If ink lines are drawn through a clause after execution with an intent to revoke, such intended canceling has no effect if the words can still be read and the instrument was not thereafter resigned and witnessed.    (**Giffin v Brooks, 48 Oh St 211.**)

The provisions appearing after the signatures of the attesting witnesses after the instrument was executed do not affect the original instrument. The testatrix evidently intended to add a codicil, but as it was not signed or attested, it has no legal effect if the original instrument was executed in legal form.    (See Page on Wills, Sec. 281.)

It is quite plain from a perusal of the instrument that the sentence, "I desire Gertrude Moran to have my yellow gold watch & 5.00 in gold.", was inserted after the signature of the testatrix at the time she wrote the will or shortly thereafter, but before she acknowledged her signature to the witnesses. This sentence has the same shade of ink as her signature and also carries the date of Jan. 14, 1941, while the witnesses signed with a different shade of ink on Jan. 16, 1941.

Whether this sentence invalidates the instrument as a will depends upon whether it is a provision which is incorporated

by reference by some other provision in the instrument, or whether it is dispositive, or possibly testamentary. The instrument does not incorporate this sentence by reference, and therefore cannot be held to validate the instrument on that ground.

If the provision below the signature in an instrument purporting to be a will is a dispositive clause, that is one which deals with the testator's property and which would thus affect the construction and operation of the instrument if it were a part thereof, the existence of such provision below the decedent's signature prevents the instrument from being signed at the end thereof. (**Hane v Kintner, 111 Oh St 297,** 145 N. E., 326; **Baker v Baker, 51 Oh St 217,** 37 N. E., 125.)

Throughout the main part of the instrument appearing before the signature the decedent used the term "I bequeath" without exception in all of the dispositive items. In the residuary clause she uses the term. "I give & bequeath".

In the sentence in question she uses the term, "I desire". While such a term might be construed to be dispositive under certain circumstances, its use as a dispositive term in this instrument is not consistent with the terms making other dispositive items. Webster defines the word "desire" as an expressed wish, or a request. The Court feels that since the property mentioned in the line in question is rather insignificant, no dispositive intent should be given to the word "desire", but rather it be construed as a request which has no effect on the remainder of the instrument.

The English courts hold that under the circumstances in this case the part preceding the signature should be held valid, and the part which follows the signature should be rejected whether the part following the signature is dispositive or not. (Page on Wills, Section 290.) It would seem as though the validity of an instrument purported to be a will should depend upon the relative importance of the provisions which follow the testator's signature; the instrument to be held invalid if such provisions are an essential part thereof; and not being invalid if they are minor provisions, the failure of which for other reasons would not render the instrument invalid.

It will therefore be ordered that the parts of this instrument appearing before the signature of the said Jessie C. MacNealy, in the form in which it was written before the cross marks were placed thereon, be admitted to probate as the last will and testament of said Jessie C. MacNealy.