234

(No. 696442—Decided March 29, 1967.)

Probate Court of Cuyahoga County.

*Messrs. Brinsky & Brinsky*, for plaintiff.

DECATUR, Referee. This matter is before the court on petition for declaratory judgment and construction of will, filed by Gertrude Pfahl, duly appointed, qualified and acting executrix of the estate of George Pfahl, o. w., deceased.

The facts as presented are as follows:

George Pfahl, o. w., died a resident of Cleveland, Ohio, on the 11th day of August, 1966; that thereafter the last will and testament of said George Pfahl, dated July 17, 1966, and a certain paper titled "Mutual Understanding," also dated July 17, 1966, were offered for probate in the Probate Court of Cuyahoga County on the 30th day of August, 1966.

The defendants, Gertrude Pfahl and Margaret Lortcher, are the sisters of the decedent, and Gertrude Pfahl is named as beneficiary under terms of the will; Margaret Lortcher is referred to in the "Mutual Understanding" executed and dated on the same day as the will was so dated and executed.

The will reads as follows:

"I, George Pfahl, of the City of Cleveland, County of Cuyahoga, and State of Ohio, being of full age, sound mind and memory, and under no restraint, do publish this, my Last Will and Testament, revoking all others heretofore made by me.

"Item I.

"I give and bequeath to my beloved sister, Gertrude Ida Pfahl, (a) My five room bungalow on lot approximately 50 feet by 130 feet located at 3007 Silverdale Avenue, Cleveland, Ohio.

"(b) My three and one-half room cottage on lot approximately one-half acre located at Mudbrook Road, Huron, Ohio.

"(c) Any benefits or money accrued under Social Security, Veterans' Administration or from the State of Ohio.

"Item II

"All the rest, residue and remainder of my estate, whether real, personal or mixed, of every kind, nature and description whatsoever, and wheresoever situated, which I may now own or hereafter acquire, or have the right to dispose of at the time of my decease, by power of appointment, or otherwise, I give, device and bequeath to my beloved sister, Gertrude Ida Pfahl, absolutely and in fee simple.

"Item III.

"I nominate and appoint my beloved sister, Gertrude Ida Pfahl, Executrix of this, my Last Will and Testament, and require that no bond be given by her, hereby granting to her as such Executrix, full power and authority to sell and convey all or any part of my estate, real, personal, or mixed, upon such terms and at such prices as she may deem proper, and without obtaining any order of court therefor. I also grant to her, full power and authority in the settlement of my estate to compromise, compound, adjust and settle any and all debts and liabilities due to or from my estate, for such sums and upon such terms and conditions and in such manner as my Executrix shall deem best. I further grant unto my Executrix, full power

and authority to conduct and carry on for such length of time as she may in her sole discretion deem advantageous to my estate, any and all business or businesses now conducted by me, and to do all things necessary or proper in the usual course of said business or businesses, until such time as the same can be sold, as a going business or otherwise, for a price which, in the sole opinion of my Executrix, is a reasonable value thereof, and shall in so doing be exonerated from any loss which might result thereby. I direct that no appraisement of my household goods and furniture be made.

"In the event my beloved sister, Gertrude Ida Pfahl, shall for any reason fail to qualify, or having qualified, fails to complete the administration of my estate, I nominate and appoint my beloved niece, Mrs. Gladys Wyckoff, in her stead, giving unto her, all rights and powers set forth in this Item.

"In witness whereof, I have hereunto signed my name and acknowledged and published this instrument, consisting of this and one other typewritten page identified by my signature, as my Last Will and Testament, in the presence of the undersigned witnesses, at Cleveland, Ohio, on this 17th day of July, 1966.

George Pfahl

Witnesses:

Harry F. Rowe

Ann Rowe

3008 Silverdale"

The "Mutual Understanding" reads as follows:

"Due to the fact that my beloved sister, Mrs. Margaret Lortcher, has not been mentioned nor provided for in my Last Will and Testament, my beloved sister, Gertrude Ida Pfahl, and I, George Pfahl, have entered into a mutual understanding this 17th day of July, 1966, that when and if my estate, real, personal or otherwise, is disposed of in the event of my decease, said estate will be divided (after settlement of all debts and liabilities) as follows:

"Two-thirds of the estate is to go to my beloved sister, Gertrude Ida Pfahl, who has looked after me all these past years.

"One-third of the estate is to go to my beloved sister, Mrs. Margaret Lortcher.

George Pfahl

Agreed to:
Gertrude Ida Pfahl"

---

The issues as presented are as follows:

1. Was the paper writing under the heading of "Mutual Understanding" entered into the 17th day of July, 1966, properly incorporated as a part of the will of the decedent?

2. If the paper writing, the said "Mutual Understanding" was not properly incorporated as a part of the will of said decedent how does the property pass which his beneficiary disposed of under said writing?

3. What is the effect of the paper writing "Mutual Understanding" dated the 17th day of July, 1966, the same date as the execution of the last will and testament of the decedent, on the last will and testament of said decedent?

4. In what proportion are the debts, expenses of administration, and taxes to be apportioned, and against whom?"

FINDING

1. Was the paper writing under the heading of *"Mutual Understanding"* entered into the 17th day of July, 1966, properly incorporated as a part of the will of the decedent?

In Ohio a will must be signed at the end. See Section 2107.-03, Revised Code. Nevertheless, it has been said that:

"In order to meet the statutory requirement that a will be signed at the end, the signature of the testator need not be placed after the last word of the will; it is sufficient if it appears after all of the *dispositive* portions. Further, the signature need not immediately follow the last word of the will." 55 Ohio Jurisprudence 2d, Wills, Section 119, at 578-579.

The "Mutual Understanding" cannot be a valid subsequently added codicil because the "Understanding" was not properly witnessed as prescribed by Section 2107.03, Revised Code. However, a defectively executed codicil does not affect the validity of a will. Section 55 Ohio Jurisprudence 2d, Wills, 122 at 614.

Therefore, the other alternative is that the "Understanding" is a properly incorporated part of the testator's will. To determine this the court must decide whether this "Understanding" constitutes a dispostive clause. Ohio law states that if the subsequent

"language so written has no legal significance and no effect on the other provisions of the will, it may be treated as surplusage and the will regarded as signed at the end within the purview of the statute. But if the clause is of a dispositive character and may, in certain events, change the course of some or all of the testator's property, its location in the instrument is of essential importance in deciding whether the will is signed at the end." 55 Ohio Jurisprudence 2d Wills, Section 120, at 579-580.

See *Baker* v. *Baker* (1894), 51 Ohio St. 217, 37 N. E. 125; *Hane* v. *Kintner* (1924), 111 Ohio St. 297, 145 N. E. 326.

Certainly the "Mutual Understanding" is of a definite "dispositive" character. The whole will has been changed. Since the testator's witnessed signature appears above the "Understanding," this subsequent writing cannot be a valid portion of the original will.

2. If the paper writing, the said "Mutual Understanding" was not properly incorporated as a part of the will of said decedent how does the property pass which his beneficiary disposed of under said writing?

Since the writing was not properly incorporated, there are two possible alternatives. The law states:

"If a will is not signed at the end, the effect is, not merely to exclude from the operation of the instrument those parts of the writing which follow the signature, *but to invalidate the entire will.*" 55 Ohio Jurisprudence 2d, Wills, Section 118, at 578. If the testator's intent was to make this "Understanding" a dispositive provision, following the testator's witnessed signature, the entire will would be invalid. The testator's property would then pass as *"intestate"* property under Section 2105.06, Revised Code.

The other possibility is that this is a separate subsequent agreement, although signed on the same day, which was not intended to be a part of the will. It is contended that this "Understanding" was not intended to be a part of the will. The writing states:

"Due to the fact that my beloved sister, Mrs. Margaret Lortcher, *has not been mentioned nor provided for in my Last Will and Testament*, my beloved sister, Gertrude Ida Pfahl, and I, George Pfahl, have entered into a mutual understanding. * * *''

The emphasized portion indicates that the writing was not intended to be an additional dispositive part of the will.

Logically the writing must either be an attempted codicil, or, a contract between Gertrude and the testator agreeing that she will share the estate property with their sister, "after settlement of all debts and liabilities." Earlier it was decided that the writing was not a codicil, and therefore, I believe it to be an attempted contract between the testator and his sister.

The will and the contract are separate, therefore, the property described in the will *must* pass as directed in the will. As one authority states:

"* * * it is settled law that after a will has been attested the testator cannot alter it otherwise than by an instrument attested in the same manner as is required by law to give effect to a will." 55 Ohio Jurisprudence 2d, Wills, Section 167 at 611.

3. What is the effect of the paper writing "Mutual Understanding" dated the 17th day of July, 1966, the same date as the execution of the last will and testament of the said decedent?

The law clearly shows the "Mutual Understanding" to be of no effect. This "Understanding" is an attempted contract between the testator and his sister, Gertrude, written after the execution of the will, although on the same day. The rule with regards to subsequent contracts and their effect on wills is widely recognized.

"The rule is that if the obligation prescribed by an instrument in the form of a written contract is revocable and the vesting of an interest thereunder is postponed until the death of the obliger, the instrument is testamentary in character and ineffective unless executed in the manner prescribed by statute for the execution of wills." 55 Ohio Jurisprudence 2d, Wills, Section 9 at 481-482. See 57 American Jurisprudence, Wills, Section 40 at 68.

Accepting the above statement, this attempted contract is clearly invalid. The vesting under the writing is postponed until after the testator's death, and "after settlement of all

debts and liabilities.'' The writing is also *''revocable''* because it expressly refers to, and concerns, the last will and testament of July 17, 1966. The entire ''Understanding'' refers *only* to that will. The will itself can be revoked at any time—therefore, the ''Understanding'' is likewise revocable. The writing is of a testamentary nature, but it is improperly executed, and consequently, invalid.

The property should pass exactly as stated in the testator's will. Gertrude Ida Pfahl should get everything. She has no legal obligations to her sister under the subsequent writing. Nevertheless, when the estate is distributed, there is nothing to prevent Gertrude from abiding by the spirit of the subsequent understanding.

4. In what proportion are the debts, expenses of administration, and taxes, to be apportioned, and against whom?

It follows that the taxes, debts, expenses, etc., should be paid and apportioned, exactly as they would have been had there been no subsequent ''Mutual Understanding.'' Margaret Lortcher has absolutely no interest in the probate expenses or assets of the estate.