[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
These consolidated appeals, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, are not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
These four appeals result from complaints seeking a declaration of the impact of certain estate-planning documents, executed by defendant-appellant/cross-appellee Julia M. Scott in 1997 and 1998, that removed plaintiff-appellee/cross-appellant Anne Flaherty as co-trustee and changed the beneficiaries of Scott's estate. The parties appeal from the June 2, 1999, entry of the probate court overruling objections to the magistrate's decisions and determining, inter alia, that because Scott lacked testamentary capacity to create valid estate-planning documents in 1997 and 1998, her 1995 estate-planning documents were not properly revoked and remained in effect.
The first and second assignments of errors of appellant David J. Albanese, Scott's nephew, are overruled, as the probate court has jurisdiction over an action involving an intervivos trust and powers of attorney. See R.C. 2101.24; see, also, R.C. 2107.084.
Scott's first and second assignments of error, and David J. Albanese's fourth assignment of error, in which they contend that the trial court erred in overruling objections to the magistrate's decisions and in determining that on June 12, 1997, and July 10, 1998, Scott lacked the testamentary capacity to execute a will, inter vivos trust, and powers of attorney, are overruled. The magistrate found that Scott suffered from delusions and lacked sufficient mind and memory to understand the nature of the business she was engaged in and to make rational choices regarding the proper objects of her bounty. See Niemes v. Niemes (1917), 97 Ohio St. 145,119 N.E. 503, paragraph four of the syllabus. The weight to be given the evidence and the credibility of the witnesses, including expert witnesses, are primarily for the trier of the facts. SeeDelaney v. Skyline Lodge, Inc. (1994), 95 Ohio App.3d 264,276, 642 N.E.2d 395, 403; see, also, Doyle v.Schott (1989), 65 Ohio App.3d 92, 582 N.E.2d 1057. We have examined the entire record, including the transcript of the proceedings and the exhibits, and we hold that the trial court's judgment is supported by competent, credible evidence. SeeC.E. Morris Co. v. Foley Constr. Co. (1978), 54 Ohio St.2d 279,376 N.E.2d 578, syllabus.
Both Scott and David J. Albanese next contend that the probate court "did not fulfill its obligations under Rule 53(E)(4)(b) `to review all the evidence which was before the referee.'" Contrary to their unsubstantiated allegations there is nothing of record to suggest that the probate court failed to perform its duties pursuant to Civ.R. 53. After hearing the parties' objections, the court first recommitted the matter to the magistrate for specific findings on the issue of undue influence, then considered the entire record and the objections of the parties. In a seven-page written decision explaining its ruling, the court adopted the supplemental decision of the magistrate. These assignments of error are without merit.
The sole assignment of cross-appellant Anne Flaherty, Scott's niece, in which she challenges the probate court's finding that David J. Albanese, Flaherty's brother, did not unduly influence Scott in executing the 1998 documents, is rendered moot by our resolution of the previous assignments of error. See App.R. 12(A)(1)(c).
Therefore, the judgment of the probate court is affirmed.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
DOAN, P.J., GORMAN and PAINTER, JJ.
 To the Clerk:
Enter upon the Journal of the Court on February 16,2000 per order of the Court _______________________________.
Presiding Judge