[Cite as *Cooley v. Hartland*, 2014-Ohio-5452.]

COURT OF APPEALS
LICKING COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| IN THE MATTER OF THE ESTATE OF: | : | JUDGES: |
| JOAN MAE COOLEY HARTLAND, DECEASED | : | |
| | : | |
| DAVID COOLEY | : | Hon. John W. Wise, P.J. |
| | : | Hon. Patricia A. Delaney, J. |
| Objector - Appellant | : | Hon. Craig R. Baldwin, J. |
| | : | |
| -vs- | : | |
| | : | |
| ERIC HARTLAND | : | Case No. 14-CA-51 |
| | : | |
| Respondent - Appellee | : | O P I N I O N |


CHARACTER OF PROCEEDING:  Appeal from the Licking County
Court of Common Pleas, Probate
Division, Case No. 20130350A


JUDGMENT:  Affirmed


DATE OF JUDGMENT:  December 11, 2014


APPEARANCES:

For Objector-Appellant

DAVID COOLEY, Pro Se
1287 Hillview Cir. E.
Newark, OH 43055

For Respondent-Appellee

CHRISTIAN D. ROLAND
5716 Walnut Road, Suite B
P.O. Box 0111
Buckeye Lake, OH 43008

*Baldwin, J.*

{¶1} Appellant David Cooley appeals a summary judgment of the Licking County Common Pleas Court, Probate Division, dismissing his will contest action in the estate of Joan Cooley Hartland. Appellee is Eric Hartland.

STATEMENT OF FACTS AND CASE

{¶2} Appellant is the son of Joan Mae Cooley Hartland, the decedent in the instant action. In 2012 at the age of 80, the decedent married appellee. The decedent executed a will on May 30, 2012, in which she left appellee a life estate in her real property and the contents thereof, with the remainder interest to pass in equal shares to her three children. The remainder of her property she bequeathed to appellee.

{¶3} The decedent died on April 14, 2013. The will was admitted to probate. Appellant filed a will contest action, alleging that the will was the direct result of undue influence by appellee. Appellant alleged that due to her advanced age, the decedent suffered from failing health and mental deficiencies at the time the will was executed.

{¶4} Appellee filed a motion for summary judgment, seeking dismissal of the will contest. The trial court granted the motion. Appellant assigns three errors on appeal to this Court:

{¶5} "I. THE PROBATE COURT DEMONSTRATED CLEAR PREJUDICE IN MAKING A PREDISPOSITION EARLY IN THE CASE.

{¶6} "II. THE PROBATE COURT DEPRIVED APPELLANT DUE PROCESS BY DEFENDING THE OBSTRUCTION OF DISCOVERY BY APPELLEE.

{¶7} "III. THE PROBATE COURT COMMITTED CLEAR ERROR BY GRANTING A SUMMARY JUDGMENT AGAINST APPELLANT."

I.

{¶8}    In his first assignment of error, appellant argues that the trial judge was biased against him, making a predisposition on the merits of appellant's case prior to the presentation of any evidence.

{¶9}    In  Ross v. Belden Park Co., 5th Dist. Stark No. 2000CA00086, 2001 WL 1782650 (April 16, 2001), we addressed the proper proceeding for a litigant to follow when claiming that a judge is biased or prejudiced:

> In cases in the courts of common pleas, the Chief Justice of the Supreme Court of Ohio has exclusive jurisdiction to determine a claim that a trial judge is biased or prejudiced. *Jones v. Billingham* (1995), 105 Ohio App.3d 8, 11. Common pleas litigants in this type of situation must bring any challenge to the trial judge's objectivity by way of the procedure set forth in R.C. 2701.03. See *In re Baby Boy Eddy* (Dec. 6, 1999), Fairfield App. No. 99CA22, unreported, citing *In re Miller* (July 16, 1999), Montgomery App. No. 17592, unreported, at 2. Since only the Chief Justice or his designee may hear a disqualification matter, a court of appeals is without authority to void the judgment of a trial court because of bias or prejudice of the judge. *Beer v. Griffith* (1978), 54 Ohio St.2d 440, 441-42.

{¶10} Appellant failed to follow the proper proceeding to seek recusal or disqualification of the trial judge pursuant to R.C. 2701.03, and cannot now claim that the judge was improperly biased or prejudiced against his case.

{¶11}  The first assignment of error is overruled.

II.

{¶12}  In his second assignment of error, appellant argues that the court erred in the regulation of discovery.

{¶13}  In the regulation of discovery, the trial court has discretionary power and its decisions will not be overturned absent an abuse of that discretion. *Mauzy v. Kelly Servs., Inc.,* 75 Ohio St.3d 578, 592, 664 N.E.2d 1272 (1996); *State ex rel. Daggett v. Gessaman,* 34 Ohio St.2d 55, 57, 295 N.E.2d 659 (1973). An appellate court reviews a claimed error relating to a discovery matter under an abuse-of-discretion standard. *Lightbody v. Rust,* 137 Ohio App.3d 658, 663, 739 N.E.2d 840 (8th Dist.2000); *Trangle v. Rojas,* 150 Ohio App.3d 549, 782 N.E.2d 617, 2002–Ohio–6510 (8th Dist.). Under this standard, reversal is warranted only where the trial court's attitude was arbitrary, unreasonable or unconscionable. *Blakemore v. Blakemore,* 5 Ohio St.3d 217, 219, 450 N.E.2d 1140 (1983).

{¶14} Appellant argues that appellee filed a late response to his discovery request, and filed the response only after appellant filed a motion to compel.  Appellant argues that appellee's responses to discovery were incomplete and/or perjured.  The record does not support appellant's claims that appellee's responses were incomplete or perjured.  On the state of the record in the instant case, we cannot find that the trial court abused its discretion in regulation of discovery.

{¶15} The second assignment of error is overruled.

III.

{¶16} Appellant argues that the court erred in granting appellee's motion for summary judgment.

{¶17} Summary judgment proceedings present the appellate court with the unique opportunity of reviewing the evidence in the same manner as the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 36 (1987). As such, we must refer to Civ. R. 56(C) which provides in pertinent part:

> Summary Judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.

{¶18} Pursuant to the above rule, a trial court may not enter summary judgment if it appears a material fact is genuinely disputed. The party moving for summary judgment bears the initial burden of informing the trial court of the basis for its motion and identifying those portions of the record that demonstrate the absence of a genuine issue of material fact. The moving party may not make a conclusory assertion that the non-moving party has no evidence to prove its case. The moving party must specifically point to some evidence which demonstrates that the moving party cannot support its claim. If the moving party satisfies this requirement, the burden shifts to the non-moving party to set forth specific facts demonstrating that there is a genuine issue of material fact for trial. *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 1997-Ohio-259, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107.

{¶19} In contesting the will, appellant argued that the decedent was not mentally sound at the time she executed said will, and argued that appellee exerted undue influence over the decedent regarding the will.

{¶20} The burden of proof in determining testamentary capacity is on the party contesting the will. *Kennedy v. Walcutt*, 118 Ohio St. 442, 161 N.E. 336, paragraph six of the syllabus (1928). R.C. 2107.74 creates a presumption of the validity of a will, and included in this presumption is that the testator was of sound mind and possessed testamentary capacity to execute the will. *Doyle v. Schott,* 65 Ohio App.3d 92, 94, 582 N.E.2d 1057(1989).

> Testamentary capacity exists when the testator has
> sufficient mind and memory: First, to understand the nature
> of the business in which he is engaged; Second, to

comprehend generally the nature and extent of his property; Third, to hold in his mind the names and identity of those who have natural claims upon his bounty; Fourth, to be able to appreciate his relation to the members of his family.' *Birman v. Sproat,* 47 Ohio App.3d 65, 67–68, 546 N.E.2d 1354 (1988), quoting *Niemes v. Niemes*, 97 Ohio St. 145, 119 N.E. 503, paragraph four of the syllabus (1917).

{¶21} It is not enough to show that the testator had deteriorating health, even if the testator suffered from poor medical health at the time the documents were executed. Appellant must also show that the health decline actually affected the testator's capacity to execute the will. *Martin v. Dew,* 10th Dist. No. 03AP–734, 2004-Ohio-2520, 2004 WL 1109562, ¶ 19.

{¶22} In *West v. Henry*, 173 Ohio St. 498, 501–502, 20 O.O.2d 119, 184 N.E.2d 200 (1962), the Ohio Supreme Court held the following concerning undue influence:

General influence, however strong or controlling, is not undue influence unless brought to bear directly upon the act of making the will. If the will or codicil, as finally executed, expresses the will, wishes and desires of the testator, the will is not void because of undue influence.

The essential elements of undue influence are a susceptible testator, another's opportunity to exert it, the fact of improper influence exerted or attempted, and the result showing the effect of such influence.

The mere existence of undue influence, or an opportunity to exercise it, although coupled with an interest or motive to do so, is not sufficient, but such influence must be actually exerted on the mind of the testator with respect to the execution of the will in question. It must be shown that such influence, whether exerted at the time of the making of the will or prior thereto, was operative at the time of its execution or was directly connected therewith. It must be shown that undue influence was exercised with the object of procuring a will in favor of particular parties.

It is well stated, as follows, in 94 C.J.S. Wills § 224, p. 1074:

The fact that the will of the testator of admitted testamentary capacity disposes of his property in an unnatural manner, unjustly, or unequally, and however much at variance with expressions by the testator concerning relatives or the natural objects of his bounty, does not invalidate the will, unless undue influence was actually exercised on the testator. (Emphasis omitted.)

{¶23} Accordingly, a finding of undue influence requires: (1) a susceptible testator, (2) another's opportunity to exert undue influence on the testator, (3) improper influence exerted or attempted, and (4) a result showing the effect of such influence.

*Redman v. Watch Tower Bible & Tract Soc. of Pennsylvania*, 69 Ohio St.3d 98, 101, 630 N.E.2d 676 (1994).

{¶24} In support of his motion for summary judgment, appellee filed an affidavit of the decedent's family physician. Dr. David Born averred that he consulted with the decedent both before and after she executed the will, and at no time did she appear to be incapable of caring for herself or handling her own affairs. He further averred that she never spoke to him regarding excessive pressure or stress caused by appellee, but she did indicate that appellant attempted to obstruct or prevent her marriage to appellee, which caused her excessive strain and stress prior to her wedding.

{¶25} Appellee further supported his motion with an affidavit of Attorney Richard Brindley, who witnessed the signing of the will in his office. He averred that he questioned the decedent to ascertain that she knew she was signing a will, that she understood the effect of her signing a will, that she was disposing of all her property not otherwise dealt with, that she knew who her family members were and that she was providing for them as she deemed appropriate, and that she was signing the will of her own free will. He stated that he believed she had testamentary capacity and was signing the will free of undue influence. Attorney David Morrison likewise signed an affidavit stating that he witnessed the signing of the will, that Attorney Brindley asked the decedent a series of questions to determine testamentary capacity and that she was acting of her own free will, that she answered such questions appropriately, and that he believed her to have testamentary capacity and to have signed the will free of coercion or undue influence.

{¶26} In response, appellant filed an affidavit of Judy Cartnal, a neighbor of the decedent, in which she stated that another neighbor told her that appellee was pushing the decedent to change her will. Mary Teter, a friend of the decedent, averred that she found it strange that after years of being single, the decedent met and married a man from Australia who was 17 years younger, and the affiant believed there were too many questions concerning his past. She stated that she believed appellee was isolating the decedent and used her to get into the United States and control her assets. Marjorie Haymen, another friend of the decedent, averred that the decedent's behavior changed after her marriage, and the decedent talked about appellee changing things in her life, including buying a new car, changing her will, and removing appellant from her life.

{¶27} Appellant presented no evidence to refute the testimony of Dr. Born and the witnesses to the signing of the will that the decedent had testamentary capacity at the time she signed the will. Further, while appellant presented evidence that after her marriage, appellee encouraged the decedent to change her will, there was no evidence presented to refute the testimony of the witnesses to the signing of the will that she signed the will free of coercion or undue influence. The evidence presented by appellant does not demonstrate that the will as finally executed failed to express the wishes and desires of the decedent.

{¶28} The third assignment of error is overruled.

{¶29} The judgment of the Licking County Common Pleas Court, Probate Division, is affirmed. Costs are assessed to appellant.

By: Baldwin, J.

Wise, P.J. and

Delaney, J. concur.