Wever, Appellant, *v.* Hicks, Appellee.

(No. 40342—Decided July 26, 1967.)

232

*Mr. Frank M. Zier,* for appellant.
*Mr. Edward J. Utz,* for appellee.

HERBERT, J. In a personal-injury action arising out of an automobile accident, when may the defendant-driver properly assert the defense of assumption of risk against the plaintiff-passenger who asserts wilful and wanton misconduct on the part of the defendant-driver?

Plaintiff argues (1) that the defense of assumption of the risk is not conceptually different from the defense of contributory negligence, (2) that contributory negligence is not a defense where wilful and wanton misconduct on the part of the defendant is proved, and (3) that, therefore, assumption of the risk should likewise not be a defense.

In *Kellerman, Admx., v. J. S. Durig Co.* (1964), 176 Ohio St. 320, this court held:

"Where wanton misconduct on the part of a defendant existed, negligence on the part of the plaintiff is not available as a defense."

In *Universal Concrete Pipe Co.* v. *Bassett* (1936), 130 Ohio St. 567, this court held:

"A party charged with wanton misconduct is deprived of his plea of contributory negligence."

Thus, plaintiff's conclusion would follow if his major premise was correct. However, it is not true that contributory negligence and assumption of the risk are conceptually identical. Of course, "there may be instances where contributory negligence and assumption of the risk overlap," *Ricks* v. *Jackson* (1959), 169 Ohio St. 254, 256; Keeton, Assumption of Risk in Products Liability Cases (1961), 22 La. L. Rev. 122, 133. However, that they may sometimes be found overlapping does not demonstrate their identity. In *Porter* v. *Toledo Terminal Rd. Co.* (1950), 152 Ohio St. 463, this court held:

"1. The terms 'contributory negligence' and 'assumption of risk' are not synonymous. The former is based on carelessness and the latter on venturousness."

In Prosser, Law of Torts (3 Ed.) 452, the writer states:

"* * * Where they have been distinguished, the traditional basis has been that assumption of risk is a matter of knowledge of the danger and intelligent acquiescence in it, while contributory negligence is a matter of some fault or departure from the standard of conduct of the reasonable man, however unaware, unwilling, or even protesting the plaintiff may be. Obviously the two may coexist when the plaintiff makes an unreasonable choice to incur the risk; but either may exist without the other. The significant difference, when there is one, is likely to be one between risks which were in fact known to the plaintiff, and risks which he merely might have discovered by the exercise of ordinary care."

In the case at bar, the defendant asserts a defense that is more than just contributory negligence. Defendant states in his brief: "Appellee contends that the evidence in this case discloses that the plaintiff *accepted a danger* in driving and allowing himself to be driven over the 'bumps' for 'thrills,' which he

*clearly understood.* He had enough foresight to *appreciate the consequences* of his action * * *.'' This claim that plaintiff *consented* to an *appreciated risk* differs from a claim that plaintiff was careless for his own safety.

The gist of the defense of assumption of the risk is (1) consent to or acquiescence in (2) an appreciated or known (3) risk, 61 Corpus Juris Secundum 95, Motor Vehicles, Section 486. The practicalities of proof require that the defense of assumption of the risk also be applicable where the risk is so obvious that plaintiff must have known and appreciated it. *Ricks* v. *Jackson, supra.* The defense is equally applicable to situations where the defendant creates the risk of harm to the plaintiff through wilful and wanton misconduct (*Gill* v. *Arthur* [1941], 69 Ohio App. 386) as it is where defendant creates the risk through negligence. For when the risk is known and appreciated, the consent of the plaintiff to proceed nevertheless is always commensurate with the risk created by the defendant. It is thus that assumption of risk may counterbalance wilful and wanton misconduct, whereas contributory negligence can not.

Therefore, assumption of the risk may be a defense even where there has been wilful and wanton misconduct on the part of the defendant.

There is then presented the question of whether the court or the jury should decide whether plaintiff, on the basis of the evidence presented, assumed the risk. Generally, that issue is a factual one that requires resolution by the jury. It is *only* when reasonable minds could come to but one conclusion that the issue becomes one for the court. *Hamden Lodge* v. *Ohio Fuel Gas Co.* (1934), 127 Ohio St. 469; *Francis* v. *Bieber* (1967), 10 Ohio St. 2d 65. Since it was the defendant who moved for a directed verdict, the trial court and this court are required to view the evidence in a light most favorable to the plaintiff (*Hamden Lodge* v. *Ohio Fuel Gas Co., supra*).

Since there is evidence which the trial court is required to believe when passing upon a motion for a directed verdict (1) that plaintiff believed that he was obligated to transfer control of the car to the defendant as owner when defendant insisted on the transfer, even though his driver's license was suspended, (2) that defendant told the truth when he said, ''nothing will happen,'' (3) that plaintiff repeatedly told defendant to reduce

the speed of the automobile and another passenger screamed at the "top of his voice" to slow down, (4) that plaintiff attempted in vain to turn off the ignition in order to stop the speeding car, and (5) that plaintiff had driven the car safely and at a lawful rate of speed over the same road, it was within the province of the jury to decide whether plaintiff assumed the risk created by the defendant.

Defendant's motion for a directed verdict should have been overruled and the cause submitted to the jury.

The judgment of the Court of Appeals is, therefore, reversed, and the cause is remanded to the trial court for a new trial.

*Judgment reversed.*

ZIMMERMAN, O'NEILL and SCHNEIDER, JJ., concur.
MATTHIAS and BROWN, JJ., dissent.

BROWN, J., dissenting. I concur in paragraph one of the syllabus but dissent from paragraph two of the syllabus and from the judgment. I agree that the rule of assumption of risk is distinct from the defense of contributory negligence. It is available to an automobile host charged with willful or wanton misconduct even though the guest's contributory negligence might not bar his recovery.* This propostion of law is recognized and well annotated in 44 A. L. R. 2d 1342, at page 1347, where it appears that 13 other jurisdictions agree.

Here the plaintiff and defendant, in concert and by agreement, set out to operate a motor vehicle on the public highway, not as a means of transportation but for the admitted purpose of seeking thrills by driving at a high rate of speed over the highway which was as hilly as a roller coaster. The plaintiff drove on the outgoing trip and then changed places with the defendant, permitting the defendant to drive at an even higher speed over the same dangerous highway on the return trip. The defendant's conduct was such that it could be characterized as willful and wanton misconduct as a matter of law. The plaintiff's conduct makes him equally culpable. Un-

---

*The statement to the contrary by Hart, J., in *Masters* v. *N. Y. Central Rd. Co.* (1947), 147 Ohio St. 293, is disregarded as dicta since the court there decided the defendant's conduct did not as a matter of law amount to wanton misconduct.

der the admitted facts, plaintiff's conduct on most of the trip was such as to amount to consent. Plaintiff cannot be considered to have withdrawn from the venture at the last moment by reason of the fact that he protested when the substituted driver exceeded his standard of permissible wantonness.

2 Restatement of The Law, Torts 2d, Section 496A, recognizes that there may be a factual question for a jury in such a case as to whether or not the plaintiff knew, understood and appreciated the exact character or nature of the risk which he was assuming. To that effect is *Cassidy* v. *Quisenberry* (Ky.), 346 S. W. 2d 304, where it was held that the evidence left a jury question as to whether a 17-year-old girl, riding in the back seat of an automobile proceeding at 60 miles per hour on a so-called "roller coaster road," realized the peril to which she was exposed. I find no such question here. Under the evidence, it seems clear that the plaintiff fully appreciated that the return ride over the dangerous highway was to be at least as dangerous as had been the original venture in which he voluntarily participated.

Public policy should not permit drivers who are thrill seekers as perverse as were the plaintiff and defendant under this evidence to clog the dockets of this state's courts suing one another, when meritorious cases await disposition.

Under these circumstances, I would approve the disposition of this case by the courts below and affirm the judgment.

MATTHIAS, J., concurs in the foregoing dissenting opinion.

