BENJAMIN ET AL., APPELLEES, *v.*
DEFFET RENTALS, INC., ET AL., APPELLANTS.

(No. 80-518—Decided April 22, 1981.)

*Mr. Michael F. Colley, Mr. Paul L. Beach* and *Mr. Frank A. Ray,* for appellees.

*Messrs. Knepper, White, Arter & Hadden, Mr. Louis E. Gerber* and *Mr. W. Locke McKenzie, Jr.,* for appellant S. R. Smith Company, Inc.

*Messrs. Crabbe, Brown, Jones, Potts & Schmidt, Mr.*

*Charles E. Brown* and *Mr. Kenneth E. Harris,* for appellant Deffet Rentals, Inc.

SWEENEY, J. Appellants assert that *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73, controls the resolution of this cause. In *Englehardt,* a boy, while attempting a dive, slipped upon the wet surface of a diving tower at a swimming pool, causing his head to strike the wall of the pool. The evidence adduced therein indicated that the plaintiff was a proficient swimmer and diver. Also, there was no inherent defect in the platform; rather, the slippery condition of the platform was due to a previous rain, of which the plaintiff was aware. Upon such evidence, this court found that a motion for directed verdict in favor of the defendant was properly granted, and held, in paragraph five of the syllabus, as follows:

"While a child is required to exercise for his own safety only such care as children of like age, education, experience and ordinary prudence are accustomed to exercise under the same or similar circumstances, yet it may be assumed that a person of whatever age is able to appreciate the obvious risks incident to any sport or activity in which he may be able to engage with intelligence and proficiency, and must act accordingly."

Appellees contend that *Englehardt* is distinguishable in that the decision therein was reached upon a motion for directed verdict, whereas, this cause was terminated upon a motion for summary judgment. While directed verdict and summary judgment are distinct procedural devices, both shall be rendered only when, after construing the evidence most strongly in favor of the party opposing the motion, reasonable minds can come to but one conclusion, and that conclusion is adverse to such party. Thus, in considering the appropriateness of summary judgment herein, the *Englehardt* standard relative to assumption of risk is fully applicable.

It is generally recognized that issues of negligence are not usually susceptible to summary adjudication. However, there are certain affirmative defenses which do lend themselves to categorical proof, making summary judgment an effective tool for the avoidance of needless trials. An example of such a

defense is assumption of risk.[4] See 6 Moore's Federal Practice & Procedure (part 2), at pages 56-738 to 56-741.

As stated in *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230, 234, "[t]he gist of the defense of assumption of the risk is (1) consent or acquiescence in (2) an appreciated or known (3) risk***. The practicalities of proof require that the defense of assumption of the risk also be applicable where the risk is so obvious that plaintiff must have known and appreciated it."

The central controversy in this cause concerns appellee's knowledge and appreciation of the condition which caused his injury. All the evidence pertaining to this unfortunate event is contained in the deposition of Benjamin, filed with appellants' summary judgment motions. This evidence established that appellee was an experienced swimmer, having had two or three years of swimming lessons. He had also had prior diving experience, and had even dived off similar slides before. He knew the approximate depth of the water and height of the slide platform. Having successfully negotiated one dive, appellee knew that he had to enter the water on a somewhat horizontal plane to avoid hitting the bottom of the pool. In response to the question of whether a vertical dive could cause him to hit bottom, Benjamin admitted, "[y]es, that dive, I knew if I went in completely wrong I would have to get hurt, yes."

Thus, while appellants could conceivably be negligent for creating a hazardous condition in the first place, it is clear that appellee was aware of the potential danger and appreciated the risk of such activity. In this regard, this cause is strikingly similar to several other cases involving diving accidents.

In *Smith* v. *American Flyers, Inc.* (Okla. App. 1975), 540 P. 2d 1212, the plaintiff was paralyzed when his head struck the side of an innertube he was attempting to dive through, at a pool operated by the defendant. In affirming summary judgment for the defendant, the court concluded, at page 1216, that "there is a risk of danger obvious to a reasonable man presented in diving at an innertube."

A 17-year-old boy was injured when he dove from a cliff

---

[4] While appellees sound a claim in strict liability against appellant, Smith, assumption of risk operates as a complete defense to such a claim, as well as claims of negligence.

into the ocean in *Fuller* v. *California* (1975), 51 Cal. App. 3d 926, 125 Cal. Rptr. 586. The court therein, at page 941, found that "[t]he danger of striking bottom when diving head first into shallow water was perfectly obvious."

Finally, in *Shuman* v. *Mashburn* (1976), 137 Ga. App. 231, the plaintiff suffered injuries when he dove from the roof of the defendant's house into an adjacent pool. In concluding that summary judgment should have been granted for the defendant, that court stated the rule of assumption of risk, at page 236, thusly:

" 'One who knowingly and voluntarily takes a risk of physical injury, the danger of which is so obvious that the act of taking such risk, in and of itself, amounts to a failure to exercise ordinary care and diligence for his own safety, cannot hold another liable for damages resulting from a hurt thus occasioned, although the same may be in part attributable to the latter's negligence.' "[5]

Appellees assert that, regardless of whether Benjamin assumed the obvious risk of injury inherent in diving into five feet of water from a seven-foot platform, an issue of causation remains, making summary judgment inappropriate. The complaint avers that some unexplained latent hazard or defective condition in the slide caused Benjamin to slip. Appellees allege that this hazard or condition was not obvious; therefore, Benjamin could not have assumed the risk of so slipping. Appellants respond that Civ. R. 56(E) precludes reliance upon such mere allegations.

Civ. R. 56(E) provides, in pertinent part, as follows:

"* * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of his pleadings, but his response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine

---

[5] The quoted rule does appear to commingle the defenses of assumption of risk and contributory negligence, to some extent. As noted in Prosser on Torts (4 Ed.) 441, Section 68, situations do arise where these defenses overlap, such as where the plaintiff unreasonably chooses to incur a known risk. Since the instant cause of action arose prior to the most recent enactment of R. C. 2315.19, this court need not now decide what effect, if any, the comparative negligence statute would have on a defense which partakes of both assumption of risk and contributory negligence.

issue for trial. If he does not so respond, summary judgment, if appropriate, shall be entered against him."

In applying the foregoing rule, this court in *Harless* v. *Willis Day Warehousing Co.* (1978), 54 Ohio St. 2d 64, 66, noted that "[u]nsupported allegations in the pleadings do not suffice to necessitate the denial of a summary judgment. The principal function of Civ. R. 56(E) is to enable movement beyond allegations in the pleadings, and to analyze the evidence so as to ascertain whether an actual need for a trial exists."

Appellants' motions for summary judgment were supported by the deposition taken of Timothy Benjamin. This deposition demonstrated appellee's knowledge of the risk inherent in diving into shallow water from a structure not designed for such activity. Additionally, in response to a query as to what he slipped on, Benjamin stated, "[o]n the top of the slide, just slipped. My feet slipped and I didn't get a good push off." The only indication of any design quality that could conceivably be considered a latent hazard or defect was the fact that the slide platform, evidently, had a smooth plastic surface. It is common knowledge, however, that such a surface can be slippery, especially when it becomes wet, as was likely the case herein. It strains credibility to presume that appellee, an experienced diver, familiar with diving off such platforms, was not aware of the possibility of slipping on such a surface and seriously injuring himself.

Appellants' motions for summary judgment, and the evidence marshalled in support thereof, show that there is no genuine issue of material fact and demonstrate, as a matter of law, that appellee assumed the risk of his injury. Appellees' response to these motions does not set forth facts indicating that Benjamin's injuries were otherwise caused by a hazard or defective condition, of which he was not aware. As Civ. R. 56(E) provides, at this point, appellees "may not rest upon the mere allegations or denials of***[their] pleadings***."[6]

---

[6] The conclusory nature of appellees' pleading allegations demonstrates the advantages provided to the trial court by Civ. R. 56(E). If there was no way to compel plaintiffs to come forward with evidence to support their allegations, the court would be left to conjecture in determining whether such allegations do support genuine issues of material fact.

If facts necessary to support the allegations of a hazard or defective condition were not available to appellees, they could have availed themselves of the procedure afforded by Civ. R. 56(F),[7] in order to obtain necessary discovery. Appellees chose not to do so. Summary judgment for defendants-appellants was, therefore, appropriate, as the trial court so found.

For the foregoing reasons, the judgment of the Court of Appeals is reversed.

*Judgment reversed.*

CELEBREZZE, C. J., RUTHERFORD, LOCHER, HOLMES and C. BROWN, JJ., concur.

RUTHERFORD, J., of the Fifth Appellate District, sitting for P. BROWN, J.

WILLIAM B. BROWN, J., dissenting. As a matter of substantive tort law, one cannot assume the risk of an unknown defect.[8] The trial court conclusion that plaintiff assumed certain risks, cannot, in principle, apply to such unknown defects.

Since defendants only moved for summary judgment on the basis of assumption of the risk, and did not move that plaintiff's claim did not include a genuine issue as to the existence of latent defects, plaintiff had no obligation under Civ. R. 56(E) to show that there was a genuine issue as to the existence of latent defects. As such, the trial judge had no authority to dismiss plaintiff's claim for failure to prove an element of the claim.

---

[7] Civ. R. 56(F) states, as follows:

"Should it appear from the affidavits of a party opposing the motion for summary judgment that he cannot for sufficient reasons stated present by affidavit facts essential to justify his opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or discovery to be had or may make such other order as is just."

[8] "Assumption of the risk requires three elements: One must have full knowledge of a condition; such condition must be patently dangerous to him; and he must voluntarily expose himself to the hazard created." *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166, 174-175.