COLLIER, A MINOR, ET AL.,
APPELLANTS, *v.*
NORTHLAND SWIM CLUB, APPELLEE.

(No. 86AP-775—Decided March 12, 1987.)

*Gayton, Tilton & Endres* and *Charles W. Gayton,* for appellant Christina Collier et al.

*Luper, Wolinetz, Sheriff & Neidenthal* and *Stanley L. Myers,* for appellant Blue Cross of Central Ohio, Inc.

*McNamara & McNamara* and *John L. Miller,* for appellee.

STRAUSBAUGH, P.J. Plaintiffs appeal from summary judgment entered by the Franklin County Court of Common Pleas in favor of defendant. At issue is whether a court may grant summary judgment on defendant's motion in a negligence action where assumption of the risk is asserted as a defense.

Plaintiff Christina Collier was injured July 19, 1983 while diving from the side of a pool operated by defendant Northland Swim Club. Christina was eleven and one-half years old at the time of the accident and was

already an experienced swimmer. She began to swim when she was five or six and had been swimming at defendant's pool since she was eight or nine years of age.

Christina joined defendant's competitive swim team in June 1983. As part of her daily two-and-one-half to three-hour practice sessions, Christina was required to practice her strokes, timing and diving. The diving was usually done from blocks erected at the side of the five-foot section of the pool. Christina made over one hundred dives during the summer of 1983. Although she had dived extensively the summer before, she was instructed only that she was to keep her hands in front of her when making a dive.

Defendant's one written rule regarding diving was that dives were allowed anywhere in the deck area, except from the side of the pool in the area of the diving board. The deck area was roped off and included those areas deeper than two feet. Defendant's unwritten rule was that dives had to be safe and into areas of the pool that were not crowded.

In preparation for a swim meet, Christina was practicing her dives on the night of the accident. She was diving from the side of the pool into an area that was three and one-half feet deep. The depth was clearly marked on the side of the pool and Christina was aware of the depth. The dives were accomplished under the observation of a volunteer swimming instructor for the team and in view of a lifeguard employed by defendant. On her last dive, Christina struck her head on the bottom of the pool and fractured her cervical vertebrae.

As a result of the injury, this suit was initiated alleging defendant's negligence in failing to warn of the risks associated with diving from the side of the pool, and negligence in failing to adequately supervise plaintiff in her diving as the cause of Christina's injuries. Plaintiff's insurer later joined as a third-party plaintiff entitled to subrogation.

Defendant subsequently moved the court, pursuant to Civ. R. 56, for summary judgment. Defendant's memorandum in support alleged that plaintiff's conduct amounted to primary assumption of the risk and, as such, relieved defendant of any duty it may have owed plaintiff. The court below, after a non-oral hearing on the motion, granted the motion in defendant's favor. The court found, as a matter of law, that defendant was relieved of any duty that may have been owed to plaintiff due to the doctrine of primary assumption of the risk.

Plaintiffs now appeal from this judgment and raise four assignments of error:

"1. The trial court erred in granting the defendant's motion for summary judgment because assumption of the risk is a question of fact for the jury.

"2. The court erred in granting appellee's motion for summary judgment because reasonable minds could come to different conclusions as to any negligence or knowledge of any risk allegedly assumed by plaintiff Christina Collier due to her age.

"3. The court erred in determining that the alleged assumption of the risk of Christina Collier was 'primary assumption of the risk' and not contributory negligence to be measured by the jury under the comparitive [sic] negligence section of the Ohio Revised Code, § 2315.19.

"4. The lower court erred in granting the motion of the defendant for summary judgment [and] in failing to construe the evidence most strongly in favor of the plaintiff as required by Rule 56(C) of the Ohio Rules of Civil Procedure."

## I

Plaintiffs, in their third assignment of error, allege that the trial court misstated the law in Ohio as it regards the doctrine of primary assumption of risk. Primary assumption of risk is still an absolute bar to recovery in negligence suits in this state, and has not merged with contributory negligence under the Ohio comparative negligence statute, R.C. 2315.19. *Anderson* v. *Ceccardi* (1983), 6 Ohio St. 3d 110, 6 OBR 170, 451 N.E. 2d 780. Inasmuch as this issue raises a question of law which would dispose of plaintiffs' appeal, and does not invoke the factual issues raised by plaintiffs' first, second and fourth assignments of error, it is a threshold issue and will be considered first.

The effect of raising primary assumption of the risk as a defense is to state, as a matter of law, that defendant owes no duty to plaintiff. *Id.* at 114, 6 OBR at 174, 451 N.E. 2d at 783. Underlying this judicially created doctrine is the notion that certain risks are so inherent in some activities that they cannot be eliminated. Schwartz, Comparative Negligence (2 Ed. 1986) 173-174, Section 9.4(C). The doctrine rests on the fiction that plaintiff has tacitly consented to the risk, thereby relieving defendant of any duty owed to him. Prosser & Keeton, Torts (5 Ed. 1984) 480, 481, Section 68.

The leading example of primary assumption of the risk is that class of cases involving spectators at baseball games. *Anderson, supra,* at 114, 6 OBR at 174, 451 N.E. 2d at 783-784. Since baseballs are batted with great swiftness and no precise accuracy, spectators who may be hit by errant fly balls assume that risk as a part of the sport. *Cincinnati Base Ball Club Co.* v. *Eno* (1925), 112 Ohio St. 175, 180-181, 147 N.E. 86, 87.

In contrast to primary assumption of risk is the concept of secondary, or implied, assumption of risk. Implied assumption of risk is defined as plaintiff's consent to or acquiescence in an appreciated, known or obvious risk to plaintiff's safety. *Wever* v. *Hicks* (1967), 11 Ohio St. 2d 230, 40 O.O. 2d 203, 228 N.E. 2d 315. This variety of assumption of risk includes those situations where the risk is so obvious that plaintiff must have known and appreciated the risk. *Id.* at 234, 40 O.O. 2d at 206, 228 N.E. 2d at 318; *Benjamin* v. *Deffet Rentals* (1981), 66 Ohio St. 2d 86, 89, 20 O.O. 3d 71, 73, 419 N.E. 2d 883, 886; *Anderson, supra,* at 112, 6 OBR at 172, 451 N.E. 2d at 782.

Under this approach to assumption of risk, defendant owes to plaintiff some duty, but it is plaintiff's acquiescence in or appreciation of a known risk that acts as a defense to plaintiff's action. It follows then that this form of assumption of risk invokes factual questions that are generally to be resolved by a jury. *Wever, supra,* at 234, 40 O.O. 2d at 206, 228 N.E. 2d at 318.

Applying these definitions to the instant case, it is apparent that the trial court confused the concepts of primary and implied assumption of risk. The court below found, as a matter of law, that primary assumption of risk arises not only where defendant owes no duty to plaintiff, but also where the risk of harm is so obviously within common knowledge that defendant is relieved of any duty that may exist. Clearly the first portion of the trial court's formulation states the definition of primary assumption of risk in Ohio. *Anderson, supra,* at 114, 6 OBR at 174, 451 N.E. 2d at 783. However, the second portion, on which the court premised its judgment, is an incorrect statement of primary assumption of risk. In fact, that portion of the court's definition is the definition of implied assumption of risk. The

court below, by combining the two definitions in one, blurred the distinction between primary and implied assumption of risk. While there may be good reason to dispense with the distinction, it is not the law in Ohio. *Anderson* makes clear that a distinction exists and we are bound by that holding.

Moreover, the Supreme Court has recently recognized that the defense of assumption of risk as applied to diving accidents is one of implied, rather than primary, assumption of risk. *Benjamin, supra,* at 89, 20 O.O. 3d at 73, 419 N.E. 2d at 886, citing *Wever, supra,* at 234, 40 O.O. 2d at 206, 228 N.E. 2d at 318. In *Benjamin,* the court applied the *Wever* formulation of implied assumption of risk to a situation where plaintiff was injured on the bottom of defendant's pool after an unsuccessful dive from a slide. Although the risks of diving may have been obvious, the court did not relieve the pool owners of any duty regarding those risks. It should be noted that in *Benjamin,* plaintiff alleged that defendant had negligently failed to warn him of latent hazards. The court did not state that defendant was relieved of any duty or that it had no duty to warn. Instead, it found that plaintiff assumed the risks associated with diving and had to plead sufficient facts to overcome this defense.

There are chiefly two reasons which support the primary-implied distinction. First, and foremost, is the rationale for primary assumption of risk. As noted above, some risks are so inherent in certain activities that the risk of injury is unavoidable. Clearly, there is a risk of injury while diving into a shallow pool. The risk, however, is not so inherent as to relieve pool operators from any duty whatsoever to all divers. A rule stating that the risk is inherent would imply that all divers know of and accept the risk, regardless of whether the dive is their first or fifty-first. We cannot believe that such a rule attends aquatic activities as it does baseball games. Rather, proper instruction, warnings and supervision on diving can, and do, minimize the risk.

The second reason for the distinction between primary and implied assumption of risk is that when a plaintiff impliedly assumes a risk, it is a voluntary acknowledgment that the potential exists for injury. *Schwartz, supra,* Section 9.5, at 179. It is not a consent to suffer any injury. *Id.* Viewed in this manner, implied assumption of risk more closely resembles contributory negligence than primary assumption of risk. *Id.* Here, the record does not reveal that plaintiff had any knowledge of the potential risks associated with diving. Far from relieving defendant of any duty owed to plaintiff, the record merely suggests that plaintiff may have carelessly proceeded with her diving without actually agreeing to accept the risk. This conduct is not the equivalent of a spectator who knows he may be injured by an errant fly ball, but consents to the risk as part of the game. Accordingly, plaintiff's conduct here can be better evaluated by application of the standard negligence concepts upon which implied assumption of risk rests, rather than by resort to a "no duty owed" standard.

This is, in fact, the basis for the Supreme Court's decision in *Anderson* to merge implied assumption of risk with contributory negligence. *Anderson, supra,* at 113, 6 OBR at 173, 451 N.E. 2d at 782-783. Therefore, plaintiffs' third assignment of error is well-taken and is sustained.

II

It follows from the foregoing that since plaintiff's conduct may amount to implied assumption of the risk, it is merged with the defense of con-

tributory negligence and R.C. 2315.19 controls. That code section, Ohio's comparative negligence statute, requires the court to apportion relative degrees of fault between plaintiff and defendant in deciding the issue of negligence. That is, apportionment, being necessarily a question of fact, is generally to be done by the jury in a jury trial. R.C. 2315.19(B).

As their first assignment of error, plaintiffs assert that the trial court erred in granting defendant's motion for summary judgment. Plaintiffs argue that since R.C. 2315.19 requires that fault be apportioned, then the issue must be submitted to a jury. In support of this contention plaintiffs cite our decision in *Goodin* v. *Corry* (1982), 5 Ohio App. 3d 178, 5 OBR 362, 450 N.E. 2d 727. There we held that ordinarily assumption of risk is a question for the jury. Under the facts of that case, we concluded that it was error for the trial court to hold, as a matter of law, that the plaintiff assumed the risk of her injuries. The case does not, however, stand for the proposition that summary judgment is never appropriate on the issue of assumption of risk. In fact, summary judgment may be appropriate under the comparative negligence statute where, after construing the evidence most strongly in plaintiff's favor, a reasonable person could only conclude that plaintiff's negligence was greater than the negligence of defendant. *Mitchell* v. *Ross* (1984), 14 Ohio App. 3d 75, 14 OBR 87, 470 N.E. 2d 245. Since plaintiffs' second and fourth assignments of error present essentially the same question as their first assignment of error, they will be considered together.

Although the Supreme Court has not directly addressed the issue, it is one that courts from other fifty-percent comparative negligence jurisdictions have found troublesome. *Schwartz, supra,* Section 17.3, at 299. It would appear that summary judgment would be inappropriate if granted in favor of a plaintiff who was allegedly contributorily negligent, since the court would be required to weigh the evidence in fashioning an award.[1]

This same reasoning, however, seems equally applicable when the court grants summary judgment on defendant's motion in a negligence action. Summary judgment, under circumstances where plaintiff is alleged to have been contributorily negligent, would require the court to weigh factual matters in concluding that plaintiff was more negligent than defendant as a matter of law. Summary judgment in defendant's favor might be appropriate only where, there being no dispute as to any material fact, the plaintiff's negligence was so extreme as a matter of law that no reasonable person could conclude that plaintiff was entitled to recover. However, where there is conflicting evidence as to plaintiff's contributory negligence, it is for the jury to resolve the issue. *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166, 174-175, 51 O.O. 2d 232, 237, 258 N.E. 2d 597, 603.

Although *Briere* predates the implementation of both Civ. R. 56 and R.C. 2315.19, it appears that the rationale which underlies *Briere* would have even greater force where contributory negligence is no longer an absolute bar to recovery. Applying this rule to the facts here, we find that con-

---

[1] But, see, *State, ex rel. Utley,* v. *Abruzzo* (1985), 17 Ohio St. 3d 203, 17 OBR 439, 478 N.E. 2d 789, where the court indirectly upheld a bifurcated process in which the issue of negligence was first tried and then a second trial was had on the issue of damages. It follows that summary judgment might be appropriate on the issue of negligence, but a trial could be had to apportion the damages.

flicting evidence does exist on the issues of whether plaintiff assumed the risk, and if she did, to what degree her conduct contributed to her injury. Given plaintiff's age, the question of whether she used the degree of caution required of a child of like age and intelligence under similar circumstances is a jury question. *L. E. & W. RR. Co.* v. *Mackey* (1895), 53 Ohio St. 370, 41 N.E. 980. A child is presumed able to appreciate the obvious risks incident to any sport or activity in which he or she is able to engage with intelligence and proficiency. *Englehardt* v. *Philipps* (1939), 136 Ohio St. 73, 15 O.O. 581, 23 N.E. 2d 829. Although *Englehardt* involved the issue of whether plaintiff assumed the risk of diving injuries, it is not dispositive here for two reasons.

First, *Englehardt* was decided when implied assumption of risk was an absolute bar to plaintiff's recovery for negligence. Today, even if it is accepted that plaintiff assumed the risk of her injuries as a matter of law, it cannot be stated with any certainty that such conduct was, as a matter of law, greater than any alleged negligence on defendant's part for failing to warn or adequately supervise plaintiff. Second, *Englehardt* can be distinguished from the instant case since the plaintiff there was charged with the intelligence and proficiency required to capably engage in the conduct. Here, Christina claims she was just learning how to dive for competitive swimming. It can be inferred from this that she was not able to engage in the conduct with the requisite intelligence and proficiency which attend the capable performance of diving. Moreover, the fact that defendant allowed diving from the side of the pool into areas of more than two feet arguably suggests that diving in these areas is safe.

Finally, implicit in the holding of *Benjamin, supra,* is the notion that, although summary judgment may be appropriate where assumption of the risk is supported by defendant's evidence and plaintiff fails to respond with facts tending to show some other cause, summary judgment is inappropriate where plaintiff's evidence does suggest some other cause.

Accordingly, whether plaintiff assumed the risks of diving into shallow water from the side of the pool, whether plaintiff's age and experience precluded her awareness or knowledge of the risks incidental to diving, and whether defendant was negligent in permitting diving from the deck area into three-and-one-half-foot-deep water are questions for the jury. Plaintiffs' first, second and fourth assignments of error are well-taken and sustained.

Plaintiffs' four assignments of error are well-taken and are sustained. The judgment of the court of common pleas is reversed and the cause is remanded for further proceedings consistent with this opinion.

*Judgment reversed and cause remanded with instructions.*

REILLY and McCORMAC, JJ., concur.