**Stanton v. Miller
Case No. C-870623
Hamilton County, (1st)
Decided February 21, 1990**
[Cite as 1 AOA 21]

*Herbert J. Haas, Esq., Suite 900, 125 East Court Street, Cincinnati, Ohio 45202, and Ronald R. Gilbert, Esq., 1555 Penobscot Building, Detroit, Michigan 48266, for Plaintiff-Appellant,*

*Barron & Peck, Richard D. Lameier, Esq., and Pamela Philbin, Esq., 1420 Central Trust Tower, Cincinnati, Ohio 45202, for Defendant-Appellee Coleco Industries,*

*Rendigs, Fry, Kiely & Dennis, Carolyn A. Taggert, Esq., and John M. Hands, Esq., 900 Central Trust Tower, Cincinnati, Ohio 45202, for Defendant-Appellee J&J Distributing Co.*

*PER CURIAM.*

This cause came on to be heard upon the appeal, the transcript of the docket, journal entries and original papers from the Hamilton County Court of Common Pleas, the assignments of error, the briefs and arguments of counsel.

The plaintiff-appellant, Karl Stanton, has taken the instant appeal from the order of the trial court granting the motions for summary judgment filed by defendants-appellees J&J Distributing Company ("J&J Distributing") and Coleco Industries, Inc. ("Coleco"). For the reasons which follow, the judgment of the trial court is reversed in part, and this cause is remanded for further proceedings.

On July 17, 1983, the plaintiff suffered serious physical injuries as a result of his dive into an above-ground swimming pool. It is undisputed that the plaintiff had used the pool for swimming and diving on numerous occasions prior to the time of his injury. Among the parties from whom the plaintiff sought damages in the court of common pleas were the owners of the pool, Ronald and Barbara Miller, the manufacturer, Coleco, and the retailer, J&J Distributing.

After the plaintiff settled his claim against the Millers, J&J Distributing and Coleco filed separate motions for summary judgment. The trial court granted each motion in an order dated September 3, 1987, and this appeal followed.

The plaintiff's first and third assignments of error are interrelated and will be addressed together.

In these assignments, the plaintiff alleges the trial court erred in ruling that there were no genuine issues of material fact concerning his negligence claim, and that his action of diving into the pool constituted primary assumption of the risk. We agree.

Essential to our analysis is the distinction recognized in Ohio law between the doctrines of primary assumption of the risk and implied assumption of the risk.

Primary assumption of the risk is an absolute bar to recovery in a negligence suit. *Anderson v. Ceccardi* (1983), 6 Ohio St. 3d 110, 451 N.E.2d 780.

It is predicated upon a determination, as a matter of law, that the defendant owes no duty to the plaintiff, *Cremeans v. Willmar Henderson Manufacturing Company* (Aug. 22, 1989), Union App. No. 14-88-5, unreported, because certain risks are so inherent in some activities that they cannot be eliminated. *Collier v. Northland*

*Swim Club* (1987), 35 Ohio App. 3d 35, 518 N.E.2d 1226.

Implied assumption of the risk is, on the other hand, defined as the plaintiff's consent to or acquiescence in an appreciated, known or obvious risk to the plaintiff's safety. *Wever v. Hicks* (1967), 11 Ohio St. 2d 230, 228 N.E.2d 315. This type of assumption of the risk recognizes the existence of a duty owed by the defendant to the plaintiff but holds that the plaintiff's acquiescence in or appreciation of a known risk may be invoked as a defense to the plaintiff's action. Unlike primary assumption of the risk, the pivotal question is ordinarily one of fact, not one of law. *Wever, supra* at 234, 228 N.E.2d at 318.

In the case *sub judice,* our first task is to decide whether the plaintiff's act of diving into the swimming pool should be measured under the doctrine of primary assumption of the risk rather than under the doctrine of implied assumption of the risk.

The court in *Collier v. Northland Swim Club,* 35 Ohio App. 3d 35, 518 N.E.2d 1226, (apparently no attempt was made to appeal to the Ohio Supreme Court) addressed a similar situation and concluded that the defense of assumption of the risk as applied to diving accidents is implied rather than primary. In support of this holding the court stated:

> Clearly, there is a risk of injury while diving into a shallow pool. The risk, however, is not so inherent as to relieve pool operators from any duty whatsoever to all divers. A rule stating that the risk is inherent would imply that all divers know of and accept the risk, regardless of whether the dive is their first or fifty-first. We cannot believe that such a rule attends aquatic activities as it does baseball games. Rather, proper instruction, warnings and supervision on diving can, and do, minimize the risk.

In the absence of binding authority and considering the lack of precedent in this appellate district, we adopt the reasoning of *Collier, supra.* In the instant case, it can not be said with certainty that the plaintiff was aware of the risks involved in diving into the pool. The plaintiff testified that he was not cognizant of the fact that he could strike his head on the bottom of the pool if a "straight" dive were attempted, or that quadriplegia could result from such a dive.

Based on the facts of this case and the court's holding in *Collier, supra,* we conclude that the trial court erred when it ruled that the plaintiff's actions constituted primary assumption of the risk. Further, the record does not demonstrate that the plaintiff impliedly assumed the risks of diving into the pool but rather merely suggests that he carelessly proceeded with his dive.

Summary judgment is properly granted when:

> (1) No genuine issue as to any material fact remains to be litigated:
> (2) the moving party is entitled to judgment as a matter of law; and
> (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party."

*Temple v. Wean United, Inc.* (1977), 50 Ohio St. 2d 317, 327, 364 N.E.2d 267, 274.

We conclude, after reviewing those evidentiary materials properly considered under Civ. R. 56(C), that a genuine issue remains in the case concerning whether the plaintiff implicitly assumed the risks of diving into the shallow water of the Millers' pool. Accordingly, the defendants were not entitled to judgment as a matter of law regarding the claim of negligence since reasonable minds could not come to but one conclusion on the issue.

In his second assignment of error, the plaintiff alleges the trial court erred in granting summary judgment in favor of J&J Distributing on his separate claims of strict liability and implied warranty in tort. This assignment is overruled.

In seeking to substantiate his position on these claims, the plaintiff relies on the provisions within R.C. 2305.33. The legislative note subsequent to this provision, however, indicates that the statute was effective on July 2, 1984 and "does not apply to any cause of action for bodily injury, death, or injury to real or personal property caused by a defective product that has arisen before the effective date of this act whether or not a court action has been commenced."

The record demonstrates that the plaintiff's cause of action arose on July 17, 1983, a point in time prior to the effective date of R.C.

2305.33. Accordingly, the plaintiff's reliance upon this provision is misplaced, and the second assignment of error is without merit.

In his fourth assignment of error, the plaintiff alleges the trial court erred in granting summary judgment for the defendants on his claim under the Consumer Product Safety Act. The plaintiff argues that the defendants committed fraud and deceit by failing to report the defective product (the swimming pool) to the Consumer Product Safety Commission. This assignment is overruled.

In the first place, as the plaintiff has conceded in his appellate brief, a private cause of action does not exist under the provisions of the Consumer Product Safety Act. *Zepik v. Tidewater Midwest, Inc.* (C.A. 7, 1988), 856 F.2d 936. Further, the evidence in the record does not establish that there was a knowing and willful violation of the applicable consumer safety provision. Section 2072, Title 15, U.S. Code. In addition, the plaintiff failed to demonstrate a causal connection between his injury and the defendant's non-disclosure of the alleged defect. See *Kelsey v. Muskin, Inc.* (1988), 848 F.2d 39. Based on these factors and our review of the record, we conclude that the trial court did not err when it granted defendants' motion for summary judgment on the consumer-safety claim.

In his final assignment of error, the plaintiff alleges the trial court erred by failing to make findings of fact and conclusions of law. This assignment is without merit because Civ. R. 52 expressly states that findings of fact and conclusions of law are unnecessary in the disposition of a motion made pursuant to Civ. R. 56. *Branson v. Sanford* (Nov. 7, 1989), Auglaize App. No. 2-88-6, unreported.

We affirm the trial court's entry of summary judgment on the plaintiff's claims of strict liability, implied warranty in tort and consumer-safety violations. That part of the trial court's order granting summary judgment on the plaintiff's negligence claim, however, is reversed, and this cause is remanded for further proceedings in accordance with law on that one claim only.

SHANNON, P.J., DOAN and UTZ, JJ.