[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
This appeal, considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, is not controlling authority except as provided in S.Ct.R.Rep.Op. 2(G)(1).
Plaintiff-appellant, Gerald W. Bey, was injured in an accident on a loading dock. He and his wife, plaintiff-appellant Mary Bey, filed a complaint against defendant-appellee, John F. Schoeny Company, dba Schoeny Foods, Inc., the owner of the loading dock, and other defendants. As to Schoeny Foods, the Beys alleged that the loading dock was unsafe and that Gerald Bey's injuries were the result of Schoeny Food's negligence. The trial court granted summary judgment in favor of all defendants. However, the Beys ultimately reached a settlement with the other defendants, and Schoeny Foods is the only defendant left in the case.
In their first assignment of error, the Beys contend that issues of fact existed as to each party's negligence, and, therefore, that the trial court erred in granting summary judgment in favor of Schoeny Foods. We disagree. In Ohio, the doctrine of implied assumption of the risk has been merged with contributory negligence. Both defenses are subject to the principles of comparative negligence set forth in R.C.2315.19. Gallagher v. Cleveland Browns Football Co. (1996),74 Ohio St.3d 427, 659 N.E.2d 1232; Collier v. Northland Swim Club
(1987), 35 Ohio App.3d 35, 518 N.E.2d 1226. Generally, implied assumption of the risk and the amount of negligence to be apportioned to each party are issues of fact that preclude summary judgment. Andersonv. Ceccardi (1983), 6 Ohio St.3d 110, 451 N.E.2d 780; Westray v. ImperialPools Supplies, Inc. (1999), 133 Ohio App.3d 426, 728 N.E.2d 431;Stanton v. Miller (1990), 66 Ohio App.3d 201, 583 N.E.2d 1080.
Nevertheless, summary judgment may be appropriate when, after construing the undisputed evidence most strongly in the plaintiff's favor, a reasonable person could only conclude that the plaintiff's negligence was greater than the combined negligence of the defendants.Mitchell v. Ross (1984), 14 Ohio App.3d 75, 470 N.E.2d 245; Williams v.312 Walnut Ltd. Partnership (Dec. 31, 1996), Hamilton App. No. C-960368, unreported; Davis v. Home Roam Leisure Products (Oct. 24, 1990), Hamilton App. No. C-890604, unreported. The undisputed facts in this record show that Gerald Bey's negligence in stepping on the back of a truck to reach the loading dock exceeded any negligence by Schoeny Foods in maintaining the loading dock. Thus, his injuries were caused to a greater extent by his own negligence than by any action or inaction by Schoeny Foods. Even the testimony of the Beys' expert did not establish that any failure by Schoeny Foods to maintain a safe loading dock was the proximate cause of Gerald Bey's injuries. See Lewis v. Alfa LavalSeparation, Inc. (1998), 128 Ohio App.3d 200, 714 N.E.2d 426.
We find no genuine issue of material fact. Construing the evidence most strongly in the Beys' favor, we hold that reasonable minds could reach but one conclusion that was adverse to the Beys. Consequently, Schoeny Foods was entitled to judgment as a matter of law, and the trial court did not err in granting summary judgment in its favor. See Harlessv. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 375 N.E.2d 46;Mitchell, supra; Davis, supra. Accordingly, we overrule the Beys' first assignment of error and, because they have withdrawn their second assignment of error, we decline to address it. We affirm the trial court's judgment.
Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Doan, P.J., Sundermann and Winkler, JJ.