DECISION AND JUDGMENT ENTRY
{¶ 1} LuAnn Cole appeals from a decision of the Lucas County Court of Common Pleas that granted summary judgment against her in a negligence case where she claimed injury from a fall occurring at the Toledo Trade Market, managed by appellee, McCarthy Management. Because we conclude that the trial court erred in applying the open and obvious doctrine when there were existing material issues of fact, we reverse and remand.
 {¶ 2} Cole's sole assignment of error is "The Trial Court erred in granting Defendant's Motion for Summary Judgment in that genuine issues of material fact clearly exist as to whether or not the condition that caused Appellant's injuries constituted `open and obvious' conditions."
 {¶ 3} The appellate standard for reviewing summary judgment decisions is the same as that to be used initially by the trial court.Grafton v. Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105. Summary judgment will be granted only when there remains no genuine issue of material fact, and when construing the evidence most strongly in favor of the nonmoving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Harless v. Willis DayWarehousing Co. (1978), 54 Ohio St.2d 64, 66; Civ.R. 56(C). The burden of showing that no genuine issue of material fact exists falls upon the party who moves for summary judgment. Dresher v. Burt (1996),75 Ohio St.3d 280, 294.
 {¶ 4} Many facts are not in dispute. Cole had gone to the Market July 29, 2000, to bring lunch to her father, Robert Lynch, who owned Renl Novelty Sales, a shop located there. It had been raining hard that day, and Cole stayed to help her father sweep backed-up water out of the area. While at this task, the two were told that the roof in another section of the Market had collapsed. They went to see for themselves, with Cole following behind her father. As they approached the collapsed roof area, Cole fell. It is alleged that the roof of the Market was not properly constructed or maintained to allow for sufficient drainage.[1]
Regardless of cause, the roof gave way that day, and massive amounts of water poured into the Market.
 {¶ 5} While there was no direct testimony concerning what happened when Cole fell, there are two inferences that can be made: she either slipped in a puddle of water or was swept off her feet by a rush of water. Cole submitted her father's affidavit in support of her memorandum opposing summary judgment. Lynch stated in his affidavit, "I observed two closed metal doors that had windows, and water behind the doors rising up to the window level (approximately 3 feet from the floor level). I observed water rushing out from beneath the doors rising to a level of approximately 3 inches. Through the door windows I observed that nearly the entire roof structure behind the 2 metal doors had collapsed, causing high amounts of water to flood this room."
 {¶ 6} For her part, Cole does not remember falling, but she does remember "coming around the corner, seeing my dad up by the front of the building, that front room and I don't remember anything else." She testified in her deposition that she did not know the water was so high where she was heading but did remember a significant amount of water "rushing in but I don't know how much — I mean it was coming in quick."
 {¶ 7} Although when read most favorably for the non-moving party the evidence suggests that Cole did not have time to appreciate her situation, the trial court concluded, as a matter of law, that the water Cole fell in was an open and obvious condition, removing McCarthy Management, the property owners, from any duty of care. The court stated in its opinion that Cole: "was aware of the water and voluntarily moved toward it. Further her testimony shows that she had an appreciation for the water on the floor and by the open and obvious hazard created by the water rushing in. Finally, the plaintiff has offered no evidence that the water was the cause of her fall."[2] By making this finding, however, the trial court failed to view inferences derived from the affidavits, depositions, and other exhibits in a light most favorable to the party opposing the summary judgment motion and deny the motion if reasonable minds could come to differing conclusions. See, Hounshell v. AmericanStates Insurance Company (1981), 67 Ohio St.2d 427, 433.
 {¶ 8} The Supreme Court of Ohio, in Armstrong v. Best BuyCompany, Inc., 99 Ohio St.3d 79, 2003-Ohio-2573, a case decided after the trial court's opinion, reaffirmed the "open and obvious" doctrine stating,"[w]here a danger is open and obvious, a landowner owes no duty of care to individuals lawfully on the premises." Id., at syllabus, citing Sidle v. Humphrey (1968), 13 Ohio St.2d 45. Here, however, the record shows the condition of water on the floor is a disputed matter.
 {¶ 9} Questions of fact have been found in similar circumstances.Westray v. Imperial Pools and Supplies, Inc. (1999), 133 Ohio App.3d 426
(depth of water in swimming pool was a question of fact for jury). Water's depth or speed can be hard to determine, depending on its location. Brillhart v. Mansfield (Oct. 21, 1997), Richland App. No. 96CA105, discretionary appeal not allowed, 81 Ohio St.3d 1457
(accumulation of water in restroom from overflowing urinal was a question for the jury). Here, it is impossible on summary judgment to determine if the condition of the water was apparent enough to create an adequate warning of any danger. See, Simmers v. Bentley Constr. Co.,64 Ohio St.3d 642, 646, 1992-Ohio-42; Cf, Blair v. Goff-Kirby Co.
(1976), 49 Ohio St.2d 5, at syllabus.
 {¶ 10} When applicable, the open-and-obvious doctrine obviates the duty to warn and acts as a complete bar to any negligence claims, as the Ohio Supreme Court explained: "We continue to adhere to the open-and-obvious doctrine today. In reaching this conclusion, we reiterate that when courts apply the rule, they must focus on the fact that the doctrine relates to the threshold issue of duty. By focusing on the duty prong of negligence, the rule properly considers the nature of the dangerous condition itself, as opposed to the nature of the plaintiff's conduct in encountering it. The fact that a plaintiff was unreasonable in choosing to encounter the danger is not what relieves the property owner of liability. Rather, it is the fact that the condition itself is so obvious that it absolves the property owner from taking any further action to protect the plaintiff." Armstrong, supra. at ¶ 13.
 {¶ 11} The typical open and obvious cases concern known conditions that could have been avoided by individuals if they had taken proper precautionary measures, such as paying attention to where they were walking. See, for example, Armstrong, supra. (bracket of shopping-cart guardrail); Paschal v. Rite Aid Pharmacy, Inc. (1985), 18 Ohio St.3d 203
(puddle of water caused by snow tracked in the store); Sidle, supra. (water, snow, and ice on front steps of apartment building); Johnson v.The Wagner Provision Co. (1943), 141 Ohio St. 584 (greasy mayonnaise on floor); S.S. Kresge Co. v. Fader (1927), 116 Ohio St. 718 (wet spot outside of doorway after rainstorm). This case is different.
 {¶ 12} In ruling that McCarthy Management had no duty to Cole, the court did not examine under the standard of Civ.R. 56 the remaining issues of negligence, namely, breach of duty or proximate cause.[3] As it is possible for reasonable minds to differ on the record, as it now stands, this case was inappropriate for disposition by summary judgment. The trial court erred in characterizing what is a disputed situation as open and obvious. Appellant's sole assignment of error is found well-taken. The judgment of the Lucas County Court of Common Pleas is reversed and remanded. Appellee is ordered to pay the court costs of this appeal.
 JUDGMENT REVERSED.
[1] This issue is not before us, as the trial court did not address the issue. By finding that an "open and obvious" situation existed, the court found that no duty to protect Cole existed.
[2] Once again, we express no opinion as to whether Cole will be able to show proximate cause. Our decision is premised on the fact that there was an improper application of the open and obvious doctrine, which is a question of duty not cause. See, Armstrong, infra.
[3] Whether Cole can prevail on her theory that the roof collapse caused her injury will be for the factfinder to determine.