GOODIN ET AL., APPELLANTS, *v.* CORRY ET AL., APPELLEES.

(No. 82AP-73—Decided August 10, 1982.)

*Mr. George M. Sarap,* for appellants.
*Mr. Michael M. Haran,* for appellee Corry.
*Mr. Alan Wayne Sheppard,* for appellee Grove City.

STRAUSBAUGH, J. This is an appeal from a judgment of the court of common pleas granting defendants' motion for summary judgment on the basis of assumption of the risk. The plaintiffs, Carl and Genevieve Goodin, allege in their amended complaint that Genevieve Goodin was walking on the sidewalk in front of defendant K. B. Corry's residence and place of business, which is located in Grove City. Plaintiff claims that she fell because of a defect in the sidewalk.

Genevieve Goodin is a sixty-seven-year-old woman. In her deposition, she stated that she had walked on the sidewalk in front of Dr. Corry's office some months before. She also stated that she had, at the time, noticed that the sidewalk was uneven and walked around it. The trial court granted the defendants' motion for summary judgment on the basis that plaintiff was fully aware of the alleged defect in the sidewalk and, therefore, assumed the risk of injury. Plaintiffs appeal and raise the following single assignment of error:

"The trial court erred in finding that

the plaintiff was 'fully aware of the alleged defect' and therefore erred in sustaining defendants' motion for summary judgment."

The Supreme Court stated in *Briere* v. *Lathrop Co.* (1970), 22 Ohio St. 2d 166, 174-175 [51 O.O.2d 232]:

"* * * Assumption of the risk requires three elements: One must have full knowledge of a condition; such condition must be patently dangerous to him; and he must voluntarily expose himself to the hazard created. * * *"

Civ. R. 56(C) provides in pertinent part:

"* * * A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages."

Ordinarily assumption of the risk is a question of fact for the jury. 39 Ohio Jurisprudence 2d 798, Negligence, Section 184. The trial court in this case had before it only the deposition of the plaintiff stating that she had seen the uneven spot in the sidewalk some undetermined months prior to the accident. The mere fact standing alone that plaintiff noticed the defect some months before does not mean that she assumes forever the risk of injury while passing over the sidewalk. We conclude that it was error for the trial court to hold as a matter of law that she assumed the risk of injury. A question of fact as to assumption of risk is presented upon which reasonable minds might disagree.

Plaintiffs' single assignment of error is sustained and the judgment of the trial court is reversed and remanded for further proceedings.

*Judgment reversed*
*and cause remanded.*

REILLY and MCCORMAC, JJ., concur.