### Teggart v. Irwin Pools
*[Cite as 6 AOA 165]*

*Case No. CA-2744*
*Richland County, (5th)*
*Decided August 13, 1990*

*Edward Swartz, Alan L. Cantor, Helen Greer, Ten Marshall Street, Boston, MA 02108, for Plaintiff-Appellant.*

*John E. Duda, 330 Western Reserve Bldg., 1470 West Ninth Street, Cleveland, Ohio 44113, for Plaintiff-Appellant.*

*Clarence J. Bartunek, Suite 4500 - 29th Floor, 200 Public Square, Cleveland, Ohio 44114-2301, for Defendant-Appellee.*

SMART, J.

This is an appeal from a summary judgment of the Court of Common Pleas of Richland County, Ohio, that held as a matter of law that plaintiff-appellant, Thomas Teggart (appellant), had known of the risk of injury and that his decision to disregard that risk was the intervening cause of his injury.

Defendant-appellee, Irwin Pools Division of Irwin Group (appellee), designed and manufactured an above-ground swimming pool owned by defendants Richard and Shirley Hickman, the parents of appellant's girlfriend. (The trial court granted summary judgment in favor of the Hickmans, and that judgment has not been appealed.) The pool was approximately four feet deep. Appellant dove into the pool and injured his spinal cord, and he is now a quadriplegic. Appellant was an alcoholic whose blood alcohol level was tested far in excess of legal intoxication at the time of the accident.

Appellant assigns a single error to the trial court:

THE TRIAL COURT ERRED IN GRANTING MOTION FOR SUMMARY JUDGMENT AND ENTERING JUDGMENT IN FAVOR OF DEFENDANT IRWIN POOL DIVISION FOR THE FOLLOWING REASONS:

1. THE COURT INCORRECTLY CONCLUDED THAT, GIVEN THOMAS TEGGART'S AGE, INTELLIGENCE, SWIMMING EXPERIENCE AND KNOWLEDGE OF THE HICKMAN'S POOL, HE THEREFORE MUST HAVE KNOWN THE RISK OF SERIOUS INJURY AND QUADRIPLEGIA WHEN HE DOVE INTO THE POOL, DESPITE THE

FACT THAT HE STATED IN AN AFFIDAVIT THAT HE WAS NOT AWARE OF THE RISK OF SERIOUS INJURY OR QUADRIPLEGIA WHEN HE MADE THE DIVE AND THE FACT THAT THERE IS NO EVIDENCE AT ALL IN THE RECORD THAT HE WAS AWARE OF SUCH A RISK.

2. THE COURT INCORRECTLY CONCLUDED AS A MATTER OF LAW THAT SINCE THOMAS TEGGART MUST HAVE KNOWN THE RISK OF SERIOUS INJURY AND QUADRIPLEGIA WHEN HE DOVE INTO THE POOL, THAT HE THEREFORE ASSUMED THE RISK OF INJURY WHEN HE DOVE INTO THE POOL, THEREBY BARRING TEGGART'S CLAIM AGAINST DEFENDANT.

3. THE COURT INCORRECTLY CONCLUDED AS A MATTER OF LAW THAT THOMAS TEGGART'S CONDUCT IN DIVING INTO THE POOL WAS THE INTERVENING CAUSE OF HIS INJURY, THEREBY BARRING TEGGART 'S CLAIM AGAINST DEFENDANT'S CONDUCT WAS THEREFORE NOT THE PROXIMATE CAUSE OF TEGGART'S INJURIES.

We note that appellant has failed to comply with Local App.R. 4(D) regarding appeals from summary judgments. Failure to comply with this rule is grounds for dismissal for failure to prosecute the appeal. In the interest of justice, we elect to address this case on its merits.

Civ. R. 56(C) states in pertinent part:

"*** Summary judgment shall be rendered forthwith if the pleading, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law *** . A summary judgment shall not be rendered unless it appears from such evidence or stipulation and only therefrom, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, such party being entitled to have the evidence or stipulation construed most strongly in his favor *** ."

A trial court should not enter summary judgment if it appears that a material fact is in genuine dispute. Summary judgment should not be granted if, construing the allegations most favorably towards the nonmovant, reasonable minds could draw different conclusions from the undisputed facts, *Duke v. Sanymetal Products Co., Inc.* (1972), 31 Ohio App. 2d 78. A trial court may not resolve ambiguities in documents or in testimony, *Inland Refuse Transfer Co. v. Browning-Ferris Industries of Ohio Inc.* (1984), 15 Ohio St. 3d 321.

The trial court found that based upon appellant's admitted age, intelligence, swimming ability, and familiarity with this particular pool, the risk of injury was obvious to appellant. Appellant urges that the record is devoid of any evidence that he knew of the danger, and that actually the only evidence is that he did not know.

The trial court adopted the Report of the Referee which discusses case law from Ohio and from other jurisdictions. We have reviewed the record and the cases cited by both parties. We agree with the trial court that based upon those facts which are undisputed in the record, appellant knew or should have known of the risk of injury associated with diving into shallow water. The standard is an objective, not a subjective one, *Englehardt v. Philipps* (1939), 136 Ohio St. 73, syllabus, para. 2. We find appellant's allegation that he was uninformed of the risk insufficient as a matter of law.

Appellant next urges that even if he was aware of the risk, summary judgment was inappropriate. Generally, the defense of assumption of risk has been merged into Ohio's comparative negligence scheme, so that the jury must determine how each party's negligence compared, as well as how the comparative negligence impacted on proximate cause, *Collier v. Northland Swim Club* (1987), 35 Ohio App. 3d 35.

Appellee distinguishes *Collier* on its facts and urges that the case at bar presents primary assumption of the risk rather than implied assumption of the risk. Primary assumption of the risk is a reasonable and voluntary acceptance of an obvious or known danger, and it is still a complete bar to recovery, *Siglow v. Smart* (1987), 43 Ohio App. 3d 55. We agree.

Finally, appellant maintains that the issue of proximate cause should have been one for the jury. The trial court ruled that appellant's act of diving into the shallow water was an intervening and superseding cause of appellant's injuries. Appellant relies on the case of *Mussivand v. David* (1989), 45 Ohio St. 3d 314. In *Mussivand*, the defendant David transmitted a venereal disease to his married lover. Her husband

brought suit against both the wife and David. David argued that the wife's actions were the intervening cause of the husband's illness, thereby relieving defendant David of liability. The Supreme Court rejected this argument, holding that it was foreseeable to defendant David that his actions could harm his partner or her spouse. The court pointed out that persons, particularly women, are not always aware that they have been infected with venereal diseases.

In the case of *Cascone v. Herb Kay Co.* (1983), 6 Ohio St. 3d 155, our Supreme Court held:

"1. Whether an intervening act breaks the causal connection between negligence and injury, thus relieving one of liability for his negligence, depends upon whether that intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, and whether the intervening cause was reasonably foreseeable by the one who was guilty of the negligence. (Paragraph two of the syllabus of *Thrash v. U-Drive-It Co.*, 158 Ohio St. 465 [49 O.O. 402], approved and followed.)

"2. Where the facts are such that reasonable minds could differ as to whether the intervening cause was a conscious and responsible agency which could or should have eliminated the hazard, whether the intervening act or cause constituted a concurrent or superseding cause, and whether the intervening cause was reasonably foreseeable by the original party guilty of negligence, present questions for submission to a jury which generally may not be resolved by summary judgment. (*Mudrich v. Standard Oil Co.*, 153 Ohio St. 31 [41 O.O. 11-7], approved and followed.)" Syllabus, para. 1 and 2, by the court.

We find that on the undisputed facts of this case, reasonable minds could not differ, and summary judgment was appropriate. The assignment of error is overruled.

For the foregoing reasons, the judgment of the Court of Common Pleas of Richland County, Ohio, is affirmed.

PUTMAN, P.J., and MILLIGAN, J., concur.