This is an appeal from a Hocking County Common Pleas Court summary judgment entered in favor of Philip Grundish dba Grundish Custom Homes, defendant below and appellee herein.[1]
Steven Unger and Joan Unger, plaintiffs below and appellants herein, raise the following assignments of error for review:[2]
FIRST ASSIGNMENT OF ERROR:
 "WHETHER THE TRIAL COURT ERRED IN GRANTING DEFENDANT/APPELLEE'S MOTION FOR SUMMARY
 JUDGMENT, THUS FINDING NO GENUINE ISSUE OF MATERIAL FACT IN REGARD TO THE DESIGN OF THE FOOTERS CONSTRUCTED, IN PART, BY DEFENDANT/APPELLEE PHILIP GRUNDISH DBA GRUNDISH CUSTOM HOMES."
SECOND ASSIGNMENT OF ERROR:
 "WHETHER [THE] TRIAL COURT ERRED IN FINDING THAT THERE EXISTED NO GENUINE ISSUE OF MATERIAL FACT REGARDING STRICT LIABILITY ON THE PART OF DEFENDANT/APPELLEE PHILIP GRUNDISH DBA GRUNDISH CUSTOM HOMES."
Our review of the record reveals the following facts pertinent to the instant appeal. Appellants decided to build a home in the Hide-A-Way Hills area in Hocking County. After reviewing house plans that they found in various magazines, appellants ultimately purchased one of the house plans. At some point, appellants modified the house plans. Appellants did not, however, consult a person knowledgeable in home building, such as an architect or a general contractor during the planning process. Appellants chose to build their home as close to the lake as setback regulations permitted. Appellants then located individuals to prepare the building site lot. Appellants did not contact or hire a general contractor.
Appellants hired Pat Lawson to perform the footer work. After Lawson partially completed the footer work, appellants fired Lawson. Appellants subsequently hired appellee to complete the footers. Appellants gave their plans to appellee and told appellee to follow the plans.
In the spring of 1997, the footers began to crack. This event unfortunately required a new foundation to be constructed.
On February 9, 1998, appellants filed a complaint against appellee alleging negligence, breach of contract and the intentional infliction of emotional distress. Appellee answered, denying liability.
On January 28, 1999, appellants filed a motion to amend the complaint. Appellants sought to add a new-party defendant, Pat Lawson, and to assert additional claims against appellee. On March 4, 1999, the trial court permitted appellants to add a new-party defendant, but prohibited appellants from adding new claims against appellee.
Rather than filing an amended complaint, on February 26, 1999 appellants filed an entirely new complaint[3]
designated with a new case number (99 CIV 087) against Pat Lawson and against appellee. The new complaint contained the claims against appellee that the trial court had prohibited appellants from raising in the amended complaint. The complaint in case number 99 CIV 087 alleged the following causes of action against [both appellee] and Lawson: (1) strict liability in tort for defective product; (2) negligence; (3) breach of express and implied warranties; (4) breach of contract; and (5) intentional infliction of emotional distress.
On April 21, 1999, the trial court consolidated Case Number 99 CIV 087 and the original case, 98 CIV 042.
On October 1, 1999, appellee filed a motion for summary judgment. Appellee argued that he could be not be negligent with respect to the footers because he did not possess control over the construction of the footers and because he did not design the footers. Appellee further asserted that appellants possessed no evidence with respect to their remaining claims.
Appellee also claimed that appellants improperly raised the breach of express and implied warranties claims by filing a new complaint and, thus, directly subverted the trial court' s March 4, 1999 order specifically denying appellants' motion to amend the complaint to add additional causes of action against appellee. Appellee argued that the additional causes of action should be stricken from the complaint. Appellee additionally contended that appellants possessed no evidence to establish that appellee was strictly liable.[4]
The trial court subsequently granted appellee summary judgment with respect to all claims. Appellants filed a timely notice of appeal.
Because appellants' two "statement of issues both address the propriety of the trial court' s grant of summary judgment in appellee' s favor, we will consider the two issues together. Appellants argue that the trial court erred by determining that no genuine issues of material fact remained concerning the design of the footers and concerning the issue of whether appellee is strictly liable.
Initially, we note that when reviewing a trial court' s decision regarding a motion for summary judgment, an appellate court conducts a de novo review. Grafton v.Ohio Edison Co. (1996), 77 Ohio St.3d 102, 105,671 N.E.2d 241, 245. Accordingly, an appellate court must independently review the record to determine if summary judgment was appropriate and need not defer to the trial court's decision. See Brown v. Scioto Bd. ofCommrs. (1993), 87 Ohio App.3d 704, 711, 622 N.E.2d 1153,1157; Morehead v. Conley (1991), 75 Ohio App.3d 409,411-12, 599 N.E.2d 786, 788. Thus, in determining whether a trial court properly granted a motion for summary judgment, an appellate court must review the standard for granting a motion for summary judgment as set forth in Civ.R. 56, as well as the applicable law.
Civ.R. 56 (C) provides, in relevant part, as follows:
 * * * * Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor.
Consequently, a trial court may not grant a motion for summary judgment unless the evidence before the court demonstrates that:
(1) no genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the nonmoving party, that conclusion is adverse to the party against whom the motion for summary judgment is made. See, e.g. Vahila v. Hall (1997),77 Ohio St.3d 421, 429-30, 674 N.E.2d 1164, 1171.
Pursuant to Civ.R. 56, the moving party bears the initial burden of informing the trial court of the basis for the motion, and identifying those portions of the record that demonstrate the absence of a material fact. Vahila, supra; Dresher v. Burt (1996), 75 Ohio St.3d 280, 293,662 N.E.2d 264, 273. The moving party cannot discharge its initial burden under the rule with a conclusory assertion that the nonmoving party has no evidence to prove its case. Kulch v. Structural Fibers, Inc. (1997),78 Ohio St.3d 134, 147, 677 N.E.2d 308, 318; Dresher, supra. Rather, the moving party must specifically refer to the "pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence in the pending case, and written stipulations of fact, if any," which affirmatively demonstrate that the nonmoving party has no evidence to support the nonmoving party's claims. Civ.R. 56 (C);Dresher, supra.
 "[U]nless a movant meets its initial burden of establishing that the nonmovant has either a complete lack of evidence or has an insufficient showing of evidence to establish the existence of an essential element of its case upon which the nonmovant will have the burden of proof at trial, a trial court shall not grant a summary judgment."
Pennsylvania Lumbermans Ins. Corp. v. Landmark Elec., Inc. (1996),110 Ohio App.3d 732, 742, 675 N.E.2d 65, 72-73. Once the moving party satisfies its burden, the nonmoving party bears a corresponding duty to set forth specific facts showing that there is a genuine issue for trial. Civ.R. 56 (E); Dresher, supra.
In responding to a motion for summary judgment, the nonmoving party may not rest on "unsupported allegations in the pleadings." Harless v. Willis Day Warehousing Co. (1978), 54 Ohio St.2d 64, 66, 375 N.E.2d 46, 47. Rather, Civ.R. 56 requires the nonmoving party to respond with competent evidence that demonstrates the existence of a genuine issue of material fact. Specifically, Civ.R. 56 (E) provides:
 * * * * When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the party does not so respond, summary judgment, if appropriate, shall be entered against the party.
Thus, once the moving party satisfies its Civ.R. 56 burden, the nonmoving party must demonstrate, by affidavit or by producing evidence of the type listed in Civ.R. 56 (C), that a genuine issue of material fact remains for trial.
A trial court may grant a properly supported motion for summary judgment if the nonmoving party does not respond, by affidavit or as otherwise provided in Civ.R. 56, with specific facts showing that there is a genuine issue for trial. Dresher, supra; Jackson v. Alert Fire Safety Equip., Inc. (1991), 58 Ohio St.3d 48, 52, 567 N.E.2d 1027, 1031.
The substantive law determines whether a genuine issue of material fact remains. Anderson v. Liberty Lobby, Inc. (1986), 477 U.S. 242, 248,106 S.Ct. 2505, 2510, 91 L.Ed.2d 202; Turner v. Turner (1993),67 Ohio St.3d 337, 340, 617 N.E.2d 1123, 1126; Perez v. Scrips-HowardBroadcasting Co. (1988), 35 Ohio St.3d 215, 218-19, 520 N.E.2d 198, 202. As the court stated in Anderson, supra:
 "Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted."
In the case sub judice, with respect to appellants' claim that appellee negligently designed and constructed the footers, we note that generally, a contractor is not liable for damage to property or person when the contractor simply follows the plans and specifications that the owner of the property provided to the contractor. See Jackson v.Franklin (1988), 51 Ohio App.3d 51, 554 N.E.2d 932; Marshall v. EdgewoodSkate Arena, Inc. (Feb. 9, 2000), Allen App. No. 1-99-57, unreported (holding that a contractor who installed mirrored glass according to co-owner's plans and specifications could not be held liable for personal injury); Farr v. Safe-Way Barricades, Inc. (June 12, 1998), Lucas App. No. L-97-1258; Henricks v. Wyrick (Oct. 25, 1995). The contractor may be liable, however, if the submitted plans are so obviously defective and dangerous that no reasonable person would follow them.'" Jackson,51 Ohio App.3d 54, 554 N.E.2d at 935 (quoting Prosser Keeton, Law of Torts (5 Ed. 1984), 723-34, Section 104 (A))
In the case at bar, the parties do not dispute that appellee merely followed the plans and specifications that appellants, the property owners, supplied to him. Thus, unless the plans were so obviously defective and dangerous that no reasonable person would have followed them, appellee may not be held liable for appellants' property damage. We agree with the trial court's conclusion that no evidence exists to indicate that the plans appellants provided to appellee were so obviously defective and dangerous that no reasonable person would have followed them. Consequently, we find that the trial court properly granted appellee summary judgment with respect to appellants' negligence claim.
We further agree with the trial court's conclusion with respect to appellants' claim for strict liability due to a defective product. Footers do not fit within the meaning of "product" and, thus, appellants may not maintain a product liability claim.
R.C. 2307.71 (L) (1) defines product as follows: "* * * [A]ny object, substance, mixture, or raw material that constitutes tangible personal property." Thus, a "product," within the meaning of R.C. 2307.71 (L) (1) does not include a fixture. See, generally, Wireman v. KenecoDistributors, Inc. (1996), 75 Ohio St.3d 103, 661 N.E.2d 744.
In Wireman, the Ohio Supreme Court reiterated the well-established rules for determining whether an item is a fixture. The court stated: "A fixture is an article which was a chattel, but which by being physically annexed or affixed to the realty, became accessory to it and part and parcel of it. * * *."" Id, 75 Ohio St.3d at 106, 661 N.E.2d at 747
(quoting Teaff v. Hewitt (1853), 1 Ohio St. 511). In determining whether an item is a fixture, courts should consider the following:
 "'1st. Actual annexation to the realty, or something appurtenant thereto.
 2d. Appropriation to the use or purpose of that part of the realty with which it is connected. 3d. The intention of the party making the annexation, to make the article a permanent accession to the freehold-this intention being inferred from the nature of the article affixed, the relation and situation of the party making the annexation, the structure and mode of annexation, and the purpose or use for which the annexation has been made.'"
Id.
Applying the foregoing test to the case at bar, we readily conclude that the footers do not constitute "products." The footers are physically annexed to the realty. The footers were installed with the intention that they be a permanent accession to the realty. Thus, appellants may not pursue a strict liability in tort for defective product claim.
Appellants further argue that the trial court failed to address, in detail, their remaining claims for breach of contract, breach of express and implied warranties, and intentional infliction of emotional distress.
We find no error with the trial court' s decision regarding appellant' s claim for intentional infliction of emotional distress. Civ.R. 52 specifically provides that a trial court need not issue findings of fact and conclusions of law when ruling upon a motion for summary judgment. See Civ.R. 52; State ex rel. Sharif v. Cuyahoga County Court of CommonPleas (1999), 85 Ohio St.3d 375, 708 N.E.2d 718; Stanton v. Miller
(1990), 65 Ohio App.3d 201, 206, 583 N.E.2d 1080, 1083; Justice v.Justice (Feb. 4, 2000), Perry App. No. 99 CA 16, unreported; Wise v.Oualified Emergencv Specialists, Inc. (Dec. 17, 1999), Hamilton App. No. C-980802, unreported. Moreover, our review of the record reveals that no genuine issues of material fact remain to be determined at trial with respect to the claim for intentional infliction of emotional distress.
In Yeager v. Local Union 20 (1983), 6 Ohio St.3d 369, 453 N.E.2d 666, syllabus, the court defined the tort of intentional infliction of emotional distress as follows:
 "One who by extreme and outrageous conduct intentionally or recklessly causes serious emotional distress to another is subject to liability for such emotional distress, and if bodily harm to the other results from it, for such bodily harm. * * *."
In determining whether the conduct giving rise to the tort constitutes "extreme and outrageous" conduct, the Yeager court found comment (d) to Section 46 of the Restatement of the Law 2d, Torts, (1965), 71, 73, "instructive." Id. 6 Ohio St.3d at 374, 453 N.E.2d at 671. Comment (d) provides:
 "* * * It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort. Liability has been found only where the conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community. Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'
 The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities. The rough edges of our society are still in need of a good deal of filing down, and in the meantime plaintiffs must necessarily be expected and required to be hardened to a certain amount of rough language, and to occasional acts that are definitely inconsiderate and unkind. There is no occasion for the law to intervene in every case where some one's feelings are hurt. There must still be freedom to express an unflattering opinion, and some safety valve must be left through which irascible tempers may blow off relatively harmless steam. See Magruder, Mental and Emotional Disturbance in the Law of Torts, [49] Harvard Law Review 1033, 1053 (1936). * * *"
(quoted in Yeager, 6 Ohio St.3d at 374-75, 453 N.E.2d at 671-72).
In the case at bar, no evidence exists that appellee' s conduct constituted extreme or outrageous conduct. Appellant has not elaborated upon the conduct alleged to be extreme or outrageous. Without specific evidence of appellee' s alleged extreme and outrageous conduct, appellant cannot survive a summary judgment motion.
With respect to appellant' s remaining argument, however, we believe that the trial court erred by granting summary judgment in appellee' s favor on the breach of contract claim and on the breach of express and implied warranties claims. Appellee did not present any evidence to support a motion for summary judgment on these claims. Rather, it appears that appellee requested the court to dismiss, or order stricken from the complaint, the breach of express and implied warranties claims.[5] The trial court, however, granted appellee summary judgment on all issues."
Without appellee producing evidence in support of his summary judgment motion with respect to the breach of contract and the breach of express and implied warranties claims, we do not believe that the trial court should have granted appellee summary judgment "on all issues." Civ.R. 56 expressly requires the moving party to present evidence in support of the motion. The rule prohibits a trial court from granting a party summary judgment unless the motion for summary judgment is "properly supported." A summary judgment motion that does not affirmatively demonstrate that the non-moving party has no evidence to prove the non-moving party' s case generally is not "properly supported." See Civ.R. 56; Dresher,supra. See Fiske v. Rooney (1998), 126 Ohio App.3d 649, 711 N.E.2d 239; L W Supply Co., Inc. v. Sprintwood Corp. (Mar. 31, 2000), Hancock App. No. 5-99-55, unreported.
We recognize that appellee argued in its motion for summary judgment that the trial court should dismiss, or order stricken from the complaint, the breach of express and implied warranties claims. Appellee noted that the trial court previously had overruled appellant' s motion to amend the complaint to include these claims. The trial court did not, however, address this issue.
We therefore remand this matter to the trial court for consideration of appellants' breach of contract claim and the breach of express and implied warranties claims. Our decision should not, however, be construed as reflecting our opinion on the merits of the breach of contract and the breach of express and implied warranties claims.
Accordingly, based upon the foregoing reasons we overrule appellants' assignments of error, in part, and affirm, in part, the trial court' s judgment. We sustain appellants' assignments of error challenging the trial court' s grant of summary judgment with respect to the breach of contract and the breach of express and implied warranties claims, and remand this cause to the trial court for further proceedings consistent with this opinion.
 JUDGMENT ENTRY
It is ordered that the judgment be affirmed in part, reversed in part, and remanded. Appellant and appellee shall equally divide the costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Hocking County Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute that mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Kline, P.J. Evans, J.: Concur in Judgment Opinion
 _____________________ Peter B. Abele, Judge
[1] On March 6, 2000, appellants voluntarily dismissed defendant Pat Lawson.
[2] We note that appellants do not designate "assignments of error," as App.R. 16 (A) (3) requires. Rather, appellants presents "statements of issues." We will, however, construe appellants' "statement of issues" as assignments of error.
[3] We note that within the complaint, appellants refer to the filing as their "First Amended Complaint."
[4] We note that the trial court's March 4, 1999 entry also prohibited appellants from asserting a strict liability cause of action against appellee.
[5] We note that appellee' s motion for summary judgment does not address the breach of contract claim, although the trial court apparently granted appellee summary judgment on the breach of contract claim.